JOHN E. RYNO, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

The object of a statute being to prevent the sale of intoxicating liquors within a distance of a mile from Wesley lake bridge, at Ocean Grove and Asbury Park, and the title of such act being "An act to prevent the sale of intoxicating liquors within one mile of Ocean Grove and Asbury Park," &c.—*Held*, that such act was void because its object was not expressed in its title.

On error to the Monmouth Sessions.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff in error, *R. T. & W. B. Stout.*

For the state, *Charles H. Ivins.*

The opinion of the court was delivered by

GUMMERE, J.    This writ brings up the record of the plaintiff in error upon an indictment framed under an act of

the legislature approved February 26th, 1874, and entitled "An act to prevent the sale of intoxicating liquors within one mile of Ocean Grove and Asbury Park, in Monmouth county, New Jersey." *Pamph. L., p.* 199.

The principal ground assigned by the plaintiff in error for setting aside this conviction is that this statute is unconstitutional because its object is not expressed in its title, in accordance with the requirement of paragraph 4 of section 7, article 4, of the constitution, which declares that "every law shall embrace but one object, and that shall be expressed in the title."

It has frequently been decided that the purpose of this constitutional provision is to require the title of an act to be such as will inform members of the legislature and the public of the object of the enactment; and that, although it is not necessary for it to indicate the methods by which this object is to be attained, yet, if the title does not fairly express such object, or is deceptive in its expression, the legislation is repugnant to the constitutional requirement. *Rader* v. *Township of Union,* 10 *Vroom* 509; *Daubman* v. *Smith,* 18 *Id.* 200; *Jersey City* v. *Elmendorf, Id.* 283; *Lane* v. *State,* 20 *Id.* 673.

Applying this rule to the present case, it is clear that this statute does not comply with the constitutional provision which has been invoked, for, while the title of the act expresses its object to be the prevention of the sale of intoxicating liquors "within one mile of Ocean Grove and Asbury Park," the body of the act makes it a misdemeanor for anyone to sell such liquors "within a distance of one mile from Wesley lake bridge, at Ocean Grove and Asbury Park."

The district embraced in the title of the act differs materially from that described in its body; the title takes in an area extending a mile from the boundaries of Ocean Grove and Asbury Park, while the body of the act takes in a much smaller territory, and includes only an area of a mile from a point in the dividing line which separates one of these places from the other.

The title to this act not only fails to express its object,

but it actually misstates it, and is therefore unconstitutional and void.

The conclusion reached upon this branch of the case makes it unnecessary to consider the other assignments of error. The judgment of the trial court must be reversed.