CHARLES S. LANEY, Appellant, *v.* ROCHESTER RAILWAY COMPANY, Respondent.

*Stay of proceedings — when and by whom it may be granted — construction of a stipulation — a final determination of the issues is not had pending an appeal.*

An order to stay proceedings upon a judgment appealed from may be made by a judge out of court, and such stay may be operative during the pendency of the appeal; and if the judgment was rendered in the Supreme Court a stay thereof may, in a proper case, be granted by a Supreme Court judge, although an appeal has been taken from such judgment to the Court of Appeals.

When an appeal is taken from a judgment the issues are not deemed finally determined until the result of the review is reached.

It was stipulated between the parties to an action that a temporary injunction awarded therein should be vacated; that the issues should be referred to a

referee named, and that if finally determined in favor of the plaintiff the defendant should, within thirty days from such final determination, institute condemnation proceedings, and that the defendant should give a bond, conditioned that it would so institute such proceedings and pay the amount of damages awarded in them.

The reference was perfected, the bond given and the trial had, the determination being in favor of the plaintiff. An appeal was taken to the General Term of the Supreme Court, and the judgment was there affirmed; subsequently an appeal was taken to the Court of Appeals.

*Held,* that, within the meaning of the stipulation, there was no final determination of the issues until the judgment of the Court of Appeals was rendered.

APPEAL by the plaintiff, Charles S. Laney, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 8th day of September, 1894, denying the plaintiff's motion to vacate an order staying the proceedings on the part of the plaintiff in the action, pending an appeal taken by the defendant to the Court of Appeals.

*Quincy Van Voorhis,* for the appellant.

*Charles J. Bissell,* for the respondent.

BRADLEY, J.:

The main purpose of the action is to restrain the defendant from constructing a railroad in Elm street in front of plaintiff's premises in the city of Rochester. In the outset of the action a temporary injunction was obtained. This was pursuant to stipulation of the parties afterwards vacated, and the issues were tried before a referee, who directed judgment for the plaintiff, which was affirmed by the General Term. Thereupon the defendant appealed to the Court of Appeals, and upon the application of the defendant an order was made by a justice of this court staying proceedings on the part of the plaintiff to enforce the injunction awarded by the judgment.

The motion to vacate that order was denied by the order appealed from.

The plaintiff's counsel insists:

(1) That it was not within the power of a justice at Chambers to make *ex parte* the order, staying proceedings.

(2) That the defendant is precluded by the stipulation of the parties from taking an appeal to the Court of Appeals.

An order to stay proceedings upon a judgment appealed from may be made by a judge out of court, and such stay may be operative during the pendency of the appeal. (Code Civ. Proc. § 775; *Hull* v. *Hart*, 27 Hun, 21.)

The judgment being in this court no reason appears why the order may not have been granted by the judge who made it although an appeal had been taken to the Court of Appeals. (*Judson* v. *Gray*, 17 How. 289.)

The other proposition is founded upon the stipulation of the parties made before the trial, by which it was stipulated that the temporary injunction should be vacated, that the issues be referred to a referee named, that if the issues be finally determined in favor of the plaintiff the defendant should, within thirty days from such final determination, institute condemnation proceedings, and that the defendant should give a bond conditioned that it would so institute such proceedings and pay the amount of damages awarded in them.

The reference was perfected, the bond given and the trial had as before mentioned. The view urged on the part of the plaintiff is that the issues were finally determined within the meaning of the stipulation when judgment was entered upon the report of the referee, and, therefore, the defendant was required to acquiesce in that judgment and proceed to exercise the right of eminent domain.

If that had been the mutual understanding or purpose of the parties it could have been so expressed as to limit the determination to that judgment which the referee should direct.

It is a final judgment as distinguished from an interlocutory one, and until the appeal was taken it was a final determination, and if affirmed it will remain such. But when an appeal is taken from a judgment the issues are not deemed finally determined until a result of the review is reached. The controversy of the parties arising upon the issues continues on the review, and the determination of it finally by adjudication is that of the issues. It would seem to follow that the use of the word "issues" does not give to the stipulation the restricted meaning sought to be applied to it, and that the substantial import of it would have been no different if the word "action" in place of "issues" had been used. The intent of the parties in·making the stipulation must be treated as that which its terms import.

The order staying proceedings may be so dealt with by the court that it shall not become oppressive to the plaintiff or prejudicial to his rights. If the defendant fail to proceed with reasonable diligence to permit the appeal to be heard and determined, the plaintiff may by order be relieved from it, and the court will, if occasion requires, direct that the defendant give such further security as may be deemed necessary for the protection of the plaintiff in his remedy for relief. Those questions do not arise on this appeal.

The order should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred; HAIGHT, J., absent.

Order appealed from affirmed, with ten dollars costs and disbursements.