(23 Misc. Rep. 563.)

MUTUAL LIFE INS. CO. OF NEW YORK v. ROBINSON et al. (five cases).

(Supreme Court, Special Term, Tioga County. May, 1898.)

1. FORECLOSURE OF MORTGAGES—STAY OF PROCEEDINGS—APPEAL—SUBSEQUENT PURCHASERS—ORDER AT CHAMBERS.
    Code Civ. Proc. § 775, authorizing a judge out of court to stay proceedings under an order or judgment appealed from, pending the appeal, is applicable to a subsequent purchaser of mortgaged premises, who has surrendered possession to the mortgagee, and who has appealed from a judgment foreclosing the mortgage and ordering a sale of such premises, but who is liable for no deficiency arising on such sale.

2. SAME—JUDGMENT FOR DEFICIENCY—UNDERTAKING FOR STAY OF EXECUTION.
    Though Code Civ. Proc. § 1331, as amended in 1897, provides that a party in possession, who appeals from a judgment for foreclosure, may stay execution by an undertaking conditioned that he will commit no waste, and that he will, in case of deficiency, pay the value of the use of the premises, in the event that the judgment is affirmed or the appeal dismissed, not exceeding a sum fixed by the court below, and that, where such appeal is taken by one against whom a judgment for deficiency was awarded, the undertaking must provide that, if the judgment is affirmed or the appeal dismissed, appellant will pay any deficiency, with interest, costs, etc., not exceeding a sum fixed by the court below, such stay should be granted, without requiring such undertaking, where appellant has surrendered possession and is liable for no deficiency.

At chambers. Five separate actions by the Mutual Life Insurance Company of New York against David C. Robinson and others for the foreclosure of certain mortgages and the sale of the mortgaged premises, in which judgments were rendered in favor of plaintiff. Pending appeals to the court of appeals on behalf of defendants Robinson and wife, they move that the sale under said judgments be stayed until the determination of such appeals. Stays ordered.

A. C. & J. P. Eustace, for the motion.
Edward Lyman Short and John B. Stanchfield, opposed.

PARKER, J. Judgment was rendered in this action against the defendants for a foreclosure of the mortgage and for a sale of the

real estate therein described. Such judgment was affirmed upon appeal to the appellate division of the supreme court (49 N. Y. Supp. 887), and from that judgment two of the defendants, David C. Robinson and Emma, his wife, have appealed to the court of appeals. Neither of such appellants is liable for any deficiency arising upon the sale, and neither of them is in possession of any of the mortgaged premises. They stand in the position of purchasers subsequent to the mortgage, and they had, prior to the judgment herein, surrendered to the plaintiff, as mortgagee, the entire possession of such premises, and it now holds and controls the same. This application is made by such appellants for a stay of proceedings upon the judgment so appealed from, until the final decision of the court of appeals.

The Code of Civil Procedure makes no provisions for staying execution upon a judgment for the foreclosure and sale of mortgaged premises save those contained in section 1331. By that section, as amended in 1897, a party in possession who appeals may stay execution by giving an undertaking to the effect that he will not commit any waste while he remains in possession, and that he will, in case there is a deficiency upon the sale, pay the value of the use and occupation of the premises in the event that the judgment is affirmed or the appeal dismissed, not exceeding a sum fixed by a judge of the court below. If an appeal is taken by a party against whom a judgment for deficiency is awarded, the undertaking must provide that, if the judgment is affirmed or the appeal dismissed, the appellant will pay any deficiency which may occur upon the sale, with interest, costs, etc., not exceeding a sum fixed by a judge of the court below. The appellants, being neither in possession nor adjudged to pay any deficiency, are not within the category of those who may stay execution by the giving of an undertaking, and they are therefore forced to make this application.

That a judge out of court has power to stay proceedings upon a judgment so appealed from is, I think, fairly inferable from the provisions of section 775 of the Code. Laney v. Railway Co., 81 Hun, 346, 348, 30 N. Y. Supp. 893. And, therefore, the only question presented to me is as to the propriety of any stay being granted to these appellants, and as to the terms upon which it should be allowed, if allowed at all.

As to the propriety of a stay, there is no reason apparent why one should be allowed to a mortgagor, who is liable for the deficiency, and not to a subsequent purchaser, who has surrendered possession of the premises to the mortgagee. Although the statute has secured to the former the right to such a stay, upon giving an undertaking, and has omitted to secure a similar right to the latter, it is not to be presumed that it intended to utterly exclude the latter from the benefits of such a stay. A sale prior to final decision upon the appeal would be as disastrous to him who is the owner of the fee as to him who is liable for a deficiency only, and it is as just to stay the sale in the interest of the one as the other. The appellants in this action have a clear right to appeal, and a plain interest to stay the sale, in order that their title and interests in the premises may be the more surely preserved, in the event that the judgment against them is reversed.

Whether there is any merit in the defense which they have interposed, and whether they are likely or not to succeed upon their appeal, are not questions which I can consider on this application; and I can see, therefore, no reason why a stay should not be granted to them, inasmuch as it is secured by the statute to other defendants to whom it is no more of a necessity.

The next consideration is as to the terms upon which it should be granted. It will be noticed that the statute provides that a party in possession, who appeals, may stay a sale by securing to the respondent protection against a waste of the premises and the benefits of their use. Thus, if these appellants had retained their possession of the premises, they could have, under section 1331, secured the stay which they desire by giving an undertaking to that effect. Is there any reason why the court should require from them any further security? I think not. The security which the statute considers sufficient should be deemed equally so by the court when it is called upon to grant a similar privilege under precisely similar circumstances.

The theory of the statute evidently is that, when the appellant who seeks to stay the sale is the one who is adjudged to pay the deficiency, he may not have that stay unless he gives an undertaking to secure such deficiency. But, as against any other interested party who appeals, an undertaking that will secure to the respondent the value of the use of the premises, and immunity from waste thereon, is all that he can justly ask. It may be, as is urged by the respondent's attorney, that it does not secure the respondent against a deficiency arising from an accumulation of interest, depreciation in the market value of the premises, and loss that may occur from destruction by fire or other means; but, as is said in Grow v. Garlock, 29 Hun, 600, approved in Werner v. Tuch, 119 N. Y. 632, 23 N. E. 573, this is an omission that can be remedied only by the legislature. Moreover, it can hardly be considered a just or a proper exercise of equitable considerations to require, from an appellant against whom no judgment for a deficiency has been or ever can be obtained, an obligation to pay that deficiency as a condition for staying the sale. The immediate execution of the judgment gives to the respondent, as against such an appellant, the immediate possession of the land only. As to him, the proceeding is against the land merely, and, if such proceedings are stayed, the most that he should be called upon to secure is satisfaction for the loss of the use and occupation thereof and security against waste. At least, such is the evident theory upon which the statute is framed, and which, in my judgment, must be followed on this application.

I conclude, therefore, that these appellants should be allowed to stay this sale, when they have furnished to the respondent the same security which the statute would have required from them had they retained the possession of the property. To require more would be an unreasonable and invidious distinction. To compel them to give security for the payment of the deficiency would be imposing upon them a greater burden than is imposed by the judgment from which they have appealed.

It is conceded that these appellants have already given to the respondent the full possession of the mortgaged property. The respondent is secured against waste, because it alone possesses and controls the property. For the same reason it is secured the full value of its use and occupation. Hence the appellants have already given the full measure of the security that should be required from them, and an undertaking is unnecessary. Under the circumstances of the case, they are not only fairly entitled to a stay, but they should have it without giving any other security than they have already given.

It is urged with much force that, under this rule, the defendant who is liable for a deficiency may, by connivance with a co-defendant who is not, secure a stay without giving the security which section 1331 now requires from him. And it is apparent that such a result can easily be obtained if the one liable for the deficiency delays his appeal until after his co-defendant has appealed and obtained the stay. An order staying the sale of the real estate cannot be operative as to one without operating as to all. Nevertheless, upon an application like this, it cannot be assumed that the appellants have appealed and obtained the stay only for the benefit of the one against whom judgment for deficiency has run. I cannot deprive them of a right apparently claimed in good faith, or impose upon them terms apparently unjust, because the proceeding furnishes a means for their co-defendants evading a plain requirement of the statute. The defect is in the statute. Yet the situation is not an easy one in which to do thorough justice to all parties, and I conclude to insert in the order herein a provision that, in case an appeal is subsequently taken by the party against whom judgment for deficiency has been rendered, the respondent shall be at liberty to apply to the court at special term for an order vacating this stay, to the end that an order may be then made concerning a stay as shall be just under the circumstances. In the limited time I have had to examine these cases, I hesitate to make an order that, after all, may be used simply as a means to evade the statute.

In connection with this application, a similar one has been made in three other actions in which the conditions are substantially the same. In each the appellants are not liable for any deficiency, and in each the respondent is in the full possession of the mortgaged property, except in the case numbered 2. In that case, the principal part of the mortgaged premises is not in the possession of the respondent, but is in the possession of the mortgagor, David C. Robinson, against whom a judgment for deficiency has been rendered. In that case it appears, from an affidavit used on the part of the respondent, that the annual rental value of such portion of the property is $1,000. It also appears that the delay in sale likely to occur by reason of this appeal will be some three years, more or less. Under such circumstances, I deem it just to require from the appellants, in that case, an undertaking against the commission of any waste on such premises, and also to the effect that in case the judgment is affirmed or appeal is dismissed, and there is a deficiency upon the sale, they will pay the respondent the value of the use and occupation of such

portion of the mortgaged property, from the time of taking such appeal until the delivery of possession thereof. pursuant to said judgment, not exceeding the sum of $4,000.  An order may be entered in each of said actions in conformity with the views above expressed. Ordered accordingly.