BULLION, BECK AND CHAMPION MINING CO.,
APPELLANT, v. EUREKA HILL MINING CO.
AND OTHERS, RESPONDENTS.

APPEAL.—EFFECT OF AN INJUNCTION.—The taking of an appeal and
the giving of supersedeas bond did not suspend the judgment or
the injunction contained therein, but suspended all affirmative
action looking to execution of the terms of the decree.

CONTEMPT.—VIOLATION OF INJUNCTION.—Where injunction contained
in decree appealed from, enjoined appellant and its agents from
entering upon, or digging in or extracting ores from a certain
mining claim, and it appeared that appellant was simply remain-
ing in same situation as when the decree was rendered, even if
in the actual occupancy of certain drifts in said claim, and that
appellant was not digging in or extracting ores from said claim
and was not preventing respondents from entering therein, *held*,
that appellants and its agents were not guilty of a contempt.

APPEAL from a judgment of the district court of the
first district adjudging certain agents of defendant guilty
of contempt.   The opinion states the facts.

*Mr. Arthur Brown* and *Messrs. Sutherland & McBride,*
for appellant.

*Messrs. Bennett, Kirkpatrick & Bradley* and *Mr. W. H.
Dickson,* for respondents.

BOREMAN, J.:

The appellant company, and John Beck, its superintend-
ent, and H. H. Day, its manager, were by the district court
adjudged guilty of "contempt of court, as charged," upon
a charge of violating an injunction' contained in the judg-
ment in favor of respondent company, on the cross-com-
plaint filed in the principal case, and a fine was imposed
upon each.   The parties adjudged to be in contempt have
appealed to this court.

The injunction clause referred to, and under which the
contempt proceedings were instituted, is as follows:   "And
it is further adjudged that the plaintiff company, and its

officers, agents, employees, and all persons acting under them, are enjoined and restrained from entering upon said Eureka lode, or digging therein, or removing or extracting any ores therefrom, for the entire length of said lode, between vertical planes made on the end lines of the Eureka mining claim, and extensions of said end lines, and from any part of the width of said lode, either under the surface of said Eureka mining claim, or beneath the surface of the said Bullion mining claim, lot 76, or easterly of said line above described, or westerly of said line at depth, if the lode in its dip below the 300-foot level shall extend westerly; and from interfering with or in anywise hindering the defendant company from taking possession of and working said lode within the bounds aforesaid, and on the dip of said lode, though at greater depth, it shall extend further westerly."

An appeal had been taken from the judgment containing the injunction clause, and the proper *supersedeas* bond had been given before the contempt proceedings were instituted.

The charge made against these parties in the contempt proceedings is that they have been using "two certain drifts for the purpose of conveying * * * ores extracted west of said blue line" to shafts of appellant company, and "thereby hindering and obstructing the defendant company, and preventing it from using the same, and working its Eureka claim and lode through the same;" and that on one certain day they "excluded defendant company's superintendent and employees by force from said drifts, and by such means and force, and by the continued use thereof, prevented defendant company from using and working the same." These drifts were underneath the surface of the Bullion lot 76. The district court adjudged the parties to be guilty of "contempt of court as charged."

The taking of the appeal, and the giving of the *supersedeas* bond, did not make void or nullify or suspend the judgment, nor the injunction contained therein, but all affirmative action looking to the execution of the terms of the decree were suspended. *Slaughter-house Cases*, 10 Wall. 273; *Swift* v. *Shepard*, 64 Cal. 423. But the lower

court could nevertheless take such action as was necessary to hold the property intact, and enforce a continuance of *status quo.* However, the district court, during the pendency of the appeal, could do no act which did not look to the holding of the subject of litigation just as it existed when the decree was rendered. *Hovey* v. *McDonald,* 109 U. S. 161. In the exercise of its authority to preserve the property, the district court was empowered to punish as for contempt for the violation of any provision of the injunction, where the parties were not allowing the property to remain as it was at the date of the decree. If this were not so, the recovery in the appellate court might often be a barren victory. *Sixth Ave. R. R.* v. *Gilbert,* 71 N. Y., 430; *Heinlen* v. *Cross,* 63 Cal., 44; *State* v. *Chase,* 41 Ind., 356.

It is not charged that the parties adjudged to be in contempt were "digging or removing or extracting any ores" from the premises in dispute. Nor is it claimed by the respondent company that it was in any manner prevented from "taking possession;" and so much of the charge as refers to excluding the respondent company by force is waived. The residue of the charge has reference to the appellants using the two drifts, and thereby hindering the respondent company from using them, and working its claim and lode. We do not think that the evidence sustains this allegation. The decree adjudged the respondent company to be in the possession. That, no doubt, was the legal and constructive possession of the whole ledge. But this does not preclude the appellant company and its employees from showing that they were in the actual occupancy of the two drifts in question when the decree was rendered. Such possession by appellants was perhaps tortious, if classed as an occupancy of the lode; but it existed, and was in no way an obstruction to the respondents working the lode. Those drifts were vacant spaces on the Bullion claim 76 owned by the appellant company, but extended through the lode of respondent company, which lies under the surface of the Bullion claim 76. Taking all of the evidence together, we do not see that the appellants, at the time they are charged with having violated the injunction, oc-

cupied any other or different place on the lode in question than they did when the judgments containing the injunction was rendered, or that they were in any way or manner hindering or obstructing the respondent company from working its lode. This being so, the injunction could not be used to eject them; and it was no violation of the injunction for the appellants to remain as they were when the injunction was granted.

The judgment of the district court adjudging the appellants to be guilty of contempt, and to pay a fine, is reversed, with costs to the appellants.

ZANE, C. J., and HENDERSON, J., concurred.