No. 12,860.

THE CENTRAL UNION TELEPHONE COMPANY ET AL. *v.* THE STATE, EX REL. BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY.

APPEAL.—*Injunction.—Contempt.*—An injunction is not dissolved, or its force and effect impaired, by an appeal and the issuing of a supersedeas, and the subsequent doing of the prohibited acts is a contempt.

INJUNCTION.—*Decree.—Validity.—Jurisdiction.—Collateral Attack.—Contempt.* —The validity of an order of injunction, granted in a case where jurisdiction exists, can not be brought in question in proceedings on an attachment for contempt.

:SAME.—*Disturbance of Possession.*—The disturbance of the possession of real estate may be prohibited by injunction.

·BILL OF EXCEPTIONS.—*Showing as to Evidence Given.*—A statement in a bill of exceptions, that it " contains all the testimony offered in evidence on the trial," is not a sufficient showing that the bill contains all the evidence given.

From the Tippecanoe Circuit Court.

*J. E. McDonald, J. M. Butler, A. L. Mason, H. W. Chase, F. S. Chase, F. W. Chase, N. Williams* and *J. L. Thompson,* ·for appellants.

ELLIOTT, C. J.—On the 27th day of January, 1885, a ·member of the board of commissioners of Tippecanoe county :filed an affidavit charging the appellants with having com-

mitted a contempt of the Tippecanoe Circuit Court, by disobeying an order of injunction, and, upon a hearing, they were adjudged guilty and fined.

An appeal was taken from the decree enjoining the Central Union Telephone Company from erecting poles in the public square in the city of Lafayette, and the acts constituting the contempt were not performed until after the appeal had been perfected.

It is contended by the appellants that the appeal dissolved the injunction, and that they were not therefore guilty of a contempt in doing the prohibited acts. This contention can not prevail, for the appeal did not nullify or impair the decree awarding an injunction. *State, ex rel.,* v. *Chase,* 41 Ind. 356; *Walls* v. *Palmer,* 64 Ind. 493; *Randles* v. *Randles,* 67 Ind. 434.

The effect of a supersedeas is to restrain the appellee from taking affirmative action to enforce his decree, but it does not authorize the appellant to do what the decree prohibits him from doing. The doctrine which our decisions have long maintained is thus stated in *Nill* v. *Comparet,* 16 Ind. 107: "Indeed, the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding upon the parties, as to every question directly decided." *Burton* v. *Reeds,* 20 Ind. 87; *Mull* v. *McKnight,* 67 Ind. 525; *Buchanan* v. *Logansport, etc., R. W. Co.,* 71 Ind. 265; *Scheible* v. *Slagle,* 89 Ind. 323; *Padgett* v. *State,* 93 Ind. 396; *State, ex rel.,* v. *Krug,* 94 Ind. 366.

The question is so firmly settled by our own decisions that it is hardly necessary to look elsewhere, but a reference to one or two cases in other courts may not be unprofitable. In the well considered case of *Sixth Avenue R. R. Co.* v. *Gilbert E. R. R. Co.,* 71 N. Y. 430, the question was decided as we here decide it, the court saying, among other things, of the appeal, that "It did not absolve them from the duty of obedience,

NOVEMBER TERM, 1886. 205

C. U. Telephone Co. *et al. v.* State, *ex rel.* Board Comm'rs of Tippecanoe Co.

and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the court, cause irreparable mischief to the plaintiff, or an injury which could not certainly be compensated in damages."

Chancellor Walworth, discussing a like question, said: " The effect of an appeal, after the proper steps have been taken to render it a stay of proceedings upon the order or decree appealed from, is to leave the proceedings in the same situation as they were at the time of perfecting such appeal, but not as they were before the order or decree appealed from was entered." *Graves* v. *Maguire*, 6 Paige Ch. 379.

In *Robertson* v. *Davidson*, 14 Minn. 554, it was said of the effect of an appeal, that " It operates to stay or suspend the proceedings which may have been taken at the time the appeal is perfected, in the condition in which they then exist, and to prevent any further step or proceeding on the judgment or matter embraced therein. *Burrall* v. *Vanderbilt*, 1 Bosw. 643 ; *Clark* v. *Clark*, 7 Paige, 607 ; *Burr* v. *Burr*, 10 Paige, 169 ; *Cook* v. *Dickerson*, 1 Duer, 679 ; *First National Bank* v. *Rogers*, 13 Minn. 407."

Judgment affirmed.

Filed March 12, 1887.

## On Petition for a Rehearing.

Elliott, C. J.—In their argument on the petition for a rehearing, counsel assert that we misapprehended their position, and that they did not maintain that an appeal rendered an order of injunction ineffective. We have again carefully studied their original brief, and find that the main part of their argument was that the appeal prevented the court which issued the order from enforcing obedience to it by an attachment for contempt. We still think that this was substantially their position, although it is perhaps true, that in the statement of the question there was some difference in the phraseology. We are, at all events, clearly of the opinion that the question as to the effect of the appeal was the prin-

cipal question involved, and was the question principally discussed.

We held in our former opinion, and supported our conclusion by many authorities, that the appeal did not impair the force and effect of the injunction, and to that conclusion we unhesitatingly adhere.

It is further argued, that the case, in which the order of injunction was granted, was for the recovery of real estate, and that in such a case an order of injunction could not issue. But if counsel were right in this position, it would not avail them in this collateral proceeding, for there was unquestionably jurisdiction of the subject and of the person, and a mere error in granting the relief could not be made available except by a direct attack. It certainly is not the law that an order of injunction, granted in a case where jurisdiction exists, may be disobeyed, and its validity brought in question in proceedings on an attachment for contempt. Counsel are, however, in error in assuming that a final order of injunction may not issue, prohibiting the disturbance of the plaintiff's possession, for it is in the power of our courts, exercising both common law and chancery jurisdiction, to grant such relief. In this instance, the appellants' counsel are also mistaken in assuming that the complaint in the original action was purely in ejectment, for the second paragraph states facts entitling the plaintiff to an injunction, and explicitly prays that relief.

The only error properly assigned in this court is, that "The circuit court erred in overruling the appellants' motion for a new trial," for the specification that "The circuit court erred in adjudging the appellants, and each of them, guilty of contempt," presents no question for our consideration. The question under the only proper specification of error assigned requires for its just consideration that all the evidence should be in the record, for, without the evidence, it can not be adjudged that the finding of the trial court was wrong. It has long been the rule in this court, that the bill of exceptions in

such a case must affirmatively show that it contains all the evidence given in the cause. This, as has been many times decided, is indispensably necessary. *Rader* v. *Barr*, 7 Ind. 194; *Jarvis* v. *Strong*, 8 Ind. 284; *McKinsey* v. *Bowman*, 58 Ind. 88; *Gale* v. *Parks*, 58 Ind. 117; *Johnson* v. *Wiley*, 74 Ind. 233.

We did not in our former opinion go very fully into the evidence, because we thought the evidence was not properly in the record. The statement in the bill of exceptions is this: "And the defendants pray the court to sign and seal this, their bill of exceptions, containing all the testimony offered in evidence, offered on the trial of this cause." We have copied literally the statement of the bill, not correcting the apparent error in it, and it is clear that it is insufficient, for it has often been decided that the word " testimony " is not synonymous with " evidence," and that the bill must show that it embodies all the evidence given. *Garrison* v. *State,* ante, p. 145, and cases cited; *Downs* v. *Downs*, 17 Ind. 95; *Gazette Printing Co.* v. *Morss*, 60 Ind. 153; *McDonald* v. *Elfes,* 61 Ind. 279; *Sessengut* v. *Posey*, 67 Ind. 408; *Brickley* v. *Weghorn*, 71 Ind. 497.

We may, perhaps, have gone further into the case than we need have done in the condition of the record, but we thought it not improper to decide that the appellants had no right to actively use and maintain telephone poles and wires which they were enjoined from keeping and maintaining, notwithstanding the appeal from the judgment and decree awarding the injunction.

Petition overruled.

Filed May 12, 1887.