[No. 2313.  Decided September 23, 1896.]

THE STATE OF WASHINGTON, on the Relation of Commercial Electric Light and Power Company, v. JOHN C. STALLCUP, Judge of the Superior Court of Pierce County.

### ORDER GRANTING INJUNCTION — EFFECT OF APPEAL.

An order granting a temporary injunction cannot be suspended by an appeal therefrom, as the statutory provisions authorizing the filing of a supersedeas bond (Laws 1893, p. 119, §§ 6, 7) have no application to orders granting injunctive relief.

*Original Application for Mandamus.*

*Stiles & Stevens,* for petitioner.

The opinion of the court was delivered by

GORDON, J.—An action was commenced by the city of Tacoma against the Commercial Electric Light and Power Company, defendant (relator herein), to obtain a perpetual injunction restraining and enjoining said light and power company from stringing electric wires on the streets of the plaintiff city.  Upon hearing had the court issued a temporary injunction restraining the defendant therein from doing the acts threatened pending the litigation, and requiring the city to enter into a bond in the sum of $5,000, conditioned to pay any damages defendant might sustain by reason of the temporary injunction.  Thereupon defendant (relator herein) gave notice of appeal to this court from the order granting the temporary injunction, and also filed its cost bond upon appeal.  Thereafter the defendant light and power company moved the respondent, as judge of the superior court in which said action was pending, to fix the amount of bond for

a stay of proceedings pending the appeal. The court denied the motion and refused to fix the amount of such bond in so far as it might "suspend the operation of the temporary injunction."

This is a proceeding for a writ of mandate directed to the respondent as judge, requiring him to forthwith fix the amount of said bond. A single question is presented, viz.: Is a temporary injunction operative during the pendency of an appeal from the order granting it? Upon behalf of the respondent it is insisted that the appeal was perfected by the giving of the cost bond; that "there are no proceedings on such order [an order granting a temporary injunction] and no process can issue thereon, and that there is nothing to be stayed." The general rule is thus stated in § 391 of Elliott's Appellate Procedure:

"Where a decree specifically forbids a party from doing a designated act he cannot by obtaining a supersedeas acquire a right to do the forbidden act. Thus, a supersedeas confers no right to do an act prohibited by a decree awarding an injunction forbidding the act. It is obvious that to assign to a supersedeas such force as would make it so operate as to give a party power to do what the decree prohibits would make it a remedy creating affirmative rights of a positive nature rather than a preventive order or writ. This would be to completely transform one remedy into another of an essentially different class. To adjudge that a supersedeas can create a positive and affirmative right would be, in effect, to annul the decree of the lower court before a hearing upon the merits is had, and this the policy of the law prohibits. The principles declared in analogous cases forbid that the merits of an appeal should be determined upon a preliminary application, and they forbid, also, that the judgment of the trial court should be nullified without a consideration of the merits in due course and upon full argument."

" The general theory of injunctive relief, except so far as our code has changed the doctrine, is that some act is about to be done by the defendant which will result in such injury to the complaining party as cannot be compensated in damages that can be recovered in an ordinary action at law. If the party enjoined can, by appealing, go on and do the act which will result in the irreparable damage, compel the party who has obtained the injunction to seek his redress in an action for damages upon the appeal bond, there would seem to be no material advantage in obtaining an injunction in such case against such injurious act." *State v. Chase*, 41 Ind. 356.

In *Sixth Ave. R. R. Co. v. Gilbert E. R. Co.*, 71 N. Y. 430, it was held that :

" An appeal from a judgment restraining action on the part of defendant and a stay of proceedings thereon, does not affect the validity or effect of the judgment pending the appeal; defendant is not absolved from the duty of obedience to it, or permitted to do that which the judgment absolutely prohibits. The judgment, so far as it enjoins the defendant, needs no execution; it acts directly without process, and the stay only operates to prevent action on the part of plaintiff."

At page 433 the court say :

" *It did not absolve them from the duty of obedience, and permit them to do that which the judgment absolutely prohibited, and the doing of which would, as adjudged by the court, cause irreparable mischief to the plaintiff, or an injury which could not certainly be compensated in damages.*"

See, also, *Klinck v. Black*, 14 S. C. 241; *Central Union Tel. Co. v. State*, 110 Ind. 203 (10 N. E. 922); *Slaughter House Cases*, 10 Wall. 273; *Merced Mining Co. v. Fremont*, 7 Cal. 130 (68 Am. Dec. 262); 2 High, Injunctions, § 1698.

Counsel for the relator concedes that the general

rule is that supersedeas bonds do not suspend temporary injunction orders, but he plants himself upon the statute of this state governing appeals, §§ 6 and 7, act of March 8, 1893, (Laws 1893, p. 119), and the cases of *State, ex rel. Reed, v. Jones,* 2 Wash. 662 (27 Pac. 452), and *State, ex rel. German-American, etc., Bank, v. Superior Court,* 12 Wash. 677 (42 Pac. 123). We have in the course of investigation examined a great many statutes, but we think that the distinction for which counsel contends — and which contention is supported to some extent by what is said in *State v. Superior Court, supra,*— is one of phraseology and not of principle. We have not been able to find any authority which supports the claim that an appeal from an order awarding a temporary injunction annuls the order and leaves the parties against whom it is directed as free to act as if the injunction had not been awarded.

Rule 93 of the supreme court of the United States provides :

" When an appeal from a final decree, in an equity suit, granting or dissolving an injunction, is allowed by a justice or judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending or modifying the injunction during the pendency of the appeal upon such terms as to bond or otherwise as he may consider proper for the security of the rights of the opposite party."

It will be observed that this rule does not confer an arbitrary right, but reposes in the trial court a discretionary power. Here, it is asserted as an absolute right given by the statute. Were we to uphold the claim of relator it would be to read into the statute that "in all cases of appeal from orders awarding temporary injunctions, the appellant may upon giving

the general bond provided by § 7, commit the acts forbidden by the order from which an appeal is taken."
And, as there are no exceptions in the statute, it follows that unless it would be the right of a defendant to give a bond suspending the injunction pending an appeal, in all cases, it is a right in no case. Did the statute warrant such construction its constitutionality might well be doubted. To illustrate : It is one of the safeguards of the constitution that " private property shall not be taken for private use." Suppose in a given case a party or a corporation was proceeding to intrude upon the premises of another to cut down timber or remove and destroy property, claiming a right so to do, and that the owner, because either of the insolvency of the party asserting the right or because the damage threatened was not susceptible of definite ascertainment, or because of his unwillingness to part with his property for compensation or at all, should resort to equity to prevent the injury. The logic of relator's position is that if a temporary injunction issued, the defendant might, upon giving an undertaking on appeal, proceed to do the very acts which by injunction he was restrained from doing, and thereby the owner would be obliged to resort to the remedy upon the bond and be content with compensation in money. What becomes of the constitutional right of the defendant? It is vouchsafed to him that his private property shall not be taken for private use. For private purposes it may not be taken at all; for public purposes it may be taken only upon just compensation, and the question of whether the contemplated use be really public is by our constitution a judicial question.

It is perfectly manifest that these provisions of the constitution go for naught, if it is within the power

of the legislature to enable a party, under the guise of an undertaking upon appeal to disregard the restraints imposed by an injunctional order. And aside from the fact that under the constitution there are some rights of property which are sacred, and for an infringement of which the law does not require that the injured party shall accept compensation in money, it often occurs that the injury complained of is of such character as that adequate compensation in money cannot be made, and *that* circumstance in a given case might be the sole basis of equitable intervention.

" It may be that the tree threatened to be cut, is one which he values as an ornament to his dwelling, or one which, in his eyes, is sacred by its associations. There are some things which bonds will not cover and which cannot be estimated in dollars and cents, and if our law cannot fully protect the proprietor in cases like these, it but poorly earns the encomiums which are bestowed upon it." *De La Croix v. Villere*, 11 La. An. 39.

The remedy afforded by injunction is often sought to prevent irreparable injury which cannot be estimated in dollars and cents, and if the injunction is suspended while an appeal is pending, it might and doubtless would often follow that the mischief would be done which the object of the action was to prevent.

"Shade trees could be cut down, property removed out of the jurisdiction of the court beyond recovery, or any other wrong, intended to be prevented, perpetrated, so that when a final judgment or perpetual injunction were rendered, it would be vain and useless. The remedy sought by the process might thus become illusory, and success in the suit, followed by no benefit to the aggrieved party." *Green v. Griffin*, 95 N. C. 50.

We think that the true rule is laid down in *Merced Mining Co. v. Fremont, supra,* viz:

"A stay of proceedings, from its nature, only operates upon orders or judgments *commanding some act to be done, and does not reach a case of injunction.*"

Section 8 of the act of 1893, *supra,* expressly provides that in all cases where a final judgment shall be rendered, wherein a temporary injunction has been granted and the party at whose instance such injunction was granted shall appeal from such judgment, such injunction shall remain in force during the pendency of the appeal upon giving the bond, etc. The enactment of this section strengthens the presumption that the general provisions of § 7 were not intended to embrace cases like the present. It seems plain that, if the general provisions of § 7 are applicable to appeals from orders granting temporary injunctions, they are equally applicable to the cases provided for by § 8; hence, why the necessity for enacting § 8 ?

It follows, we think, that the general language of § 7 of the act of March 8, 1893, *supra,* cannot, in view of the nature of injunctive relief, be held to suspend an injunction pending an appeal from an order allowing it. To hold that the legislature intended to authorize a party to commit the very act which it is the sole object of an action to prevent, in the face of an adverse order or decree standing unreversed, and remand his adversary to another forum there to seek in another form of action damages which he might be loath to accept, and which would oftentimes be difficult of ascertainment, and more often inadequate, upon the mere general terms of a statute that is inapplicable to the very nature of the case, would be unreasonable and do violence to the spirit, if not the

letter, of the law. While there are general expressions used in the opinion in *State v. Superior Court, supra,* which seem to justify the position of the relator herein, such general expressions cannot be considered as decisive either of that case or of the present one, and we think, upon mature consideration, that too broad a construction was there given the statute under consideration.

Of *State, ex rel. Reed, v. Jones, supra,* it is only necessary to say that under the statute in force, when that case was decided, no appeal was allowed from an order granting or denying a motion for a temporary injunction; hence the case cannot be considered of any authority upon the question here considered.

·The writ prayed for must be denied.

SCOTT, ANDERS and DUNBAR, JJ., concur.