[No. 5105.  Decided June 9, 1904.]

THE STATE OF WASHINGTON, *on the Relation of Patrick J.
Flaherty et al., Plaintiff,* v. THE SUPERIOR COURT
OF KING COUNTY, *Defendant.*[1]

APPEAL — SUPERSEDEAS — INJUNCTION AGAINST OBSTRUCTION OF
HIGHWAY.  An injunction against the obstruction of a public
highway by the locking of gates and the erection of fences
cannot be superseded on appeal, since a supersedeas operates
only upon orders or judgments commanding some act to be
done, and does not reach a case of a forbidden act.

Application filed in the supreme court April 11, 1904,
for a writ of mandate to compel the superior court for
King county, Tallman, J., to fix the amount of a super-
sedeas bond on appeal.  Writ denied.

*George McKay,* for relators.

PER CURIAM.—One Edward Van de Vanter brought an
action in the superior court of King county, against the
relators, to enjoin them from fencing up or otherwise inter-
fering with a certain road leading from his premises, across
the premises of the relators, to a recognized public highway.
In his complaint he alleged, that the road in question was
the only way leading from his premises to the public high-
way, and that the same had been used by him and his pre-
decessors in interest, without hindrance or interruption,
for more than seventeen years last past; that the appellant
had attempted to obstruct the way by means of fences,
locking of gates, and other acts, and would close the same
entirely unless restrained by the court.  He prayed a tem-
porary restraining order, which was granted and continued
in force until the final trial of the case, when a perpetual

[1]Reported in 77 Pac. 33.

injunction was granted. The relator, desiring to appeal to this court, applied to the superior court to fix the amount of a supersedeas bond to be given in order to stay the judgment pending the appeal. That court declined to fix the amount of the bond, holding that the injunction granted was not such an injunction as could be superseded, and the relators apply here for a writ of mandate compelling it to fix the amount of such bond.

In *State ex rel. Commercial Electric Light & Power Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251, we held, construing the statute now in force, that a supersedeas, from its nature, operated only upon orders or judgments commanding some act to be done, and does not reach a case where the relief granted merely forbids the doing of some act; in other words, mandatory injunctions could be superseded, while those merely preventive could not. The injunction in the present case is of the latter kind. It is preventive merely, and cannot be rendered inoperative by a supersedeas.

The application is denied.