(No. 5681. Decided May 29, 1905.)

THE STATE OF WASHINGTON, *on the Relation of A. S. Gibson et al., Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

APPEAL AND ERROR—SUPERSEDEAS—TEMPORARY INJUNCTION—OPERATION OF SHOOTING GALLERY AND MUSICAL INSTRUMENTS—NUISANCE. A temporary injunction pending the action, enjoining the continuance of the operation of a shooting gallery and certain musical instruments, as a nuisance especially injuries to the plaintiff, cannot be superseded on appeal, as a matter of right, since it is a preventive and not a mandatory injunction.

Application filed in the supreme court May 2, 1905, for a mandamus to compel the superior court for Pierce county, Huston, J., to fix the amount of a supersedeas bond, upon an appeal from a temporary injunction. Denied.

*Williamson & Williamson* and *J. W. A. Nichols,* for relators.

*H. H. Johnston,* for respondents.

FULLERTON, J.—On April 14, 1905, one John Grantham brought an action in the superior court of Pierce county to enjoin the relators from operating, in connection with their business, a shooting gallery, and two certain instruments known respectively as a "tonophone" and an "orchestrion," alleging that their operation constituted a public nuisance specially injurious to himself. At the time of commencing his action, Grantham applied for a temporary injunction pending the final determination of the action. Notice of this application was given the relators, and a hearing had thereon, at which hearing the court granted the injunction applied for, in which it restrained the relators from operating the shooting gallery, the tonophone, and orchestrion, until the final determination of the action. The

[1] Reported in 80 Pac. 1108.

relators gave notice of appeal from the order, and applied to the court to fix the amount of the bond it would require to supersede the order pending the appeal. The court declined to fix the amount of the bond, on the ground that the order was not one that could be superseded. The relators thereupon applied to this court for a writ of mandate to compel the trial court to fix the amount of such bond.

From the petition for the writ and the return thereto, it is gathered that Grantham, for some years last past, has held a lease upon a part of a certain building, in the city of Tacoma, in which he has conducted a hotel and lodging house, under the name of "Hotel Gordon;" that, about a year preceding the commencement of this action, the predecessors in interest of the relators leased the remaining part of the building, being a room on the ground floor, and fitted it up for the exhibition of pictorial views, enlarged and made attractive by means of electrical contrivances. The "tonophone" was put in at or near the time the business was first opened, the shooting gallery was put in about December 4, 1904, and the "orchestrion" about one week prior to the commencement of the action. It will be observed, therefore, that the order of the court had the effect of changing the *status quo* of the parties, as it prohibited the relators from conducting a part of their business and from operating the so-called musical instruments, all of which they were doing at the time the injunction issued.

The relators contend that, when considered with reference to the right of supersedeas, there is a distinction between an injunction that merely restrains the commission of an act the defendant is about to commit or attempting to commit, and one that restrains the continuance of an act which he is performing at the time of the issuance of the order; that the one cannot be superseded on an appeal, for the reason that the *status quo* of the parties is not changed by the injunction, the effect of the same being in fact to main-

tain the *status quo* of the parties; while the other can be superseded, for the very reason that the injunction does not maintain, but actually changes, the *status quo.*

The distinction here sought to be drawn between injunctions that can be superseded and those that cannot is not the distinction ordinarily drawn by the cases. According to the usual classification, injunctions are either mandatory or prohibitory; a mandatory injunction being one that compels the performance of some affirmative act, while a prohibitory injunction is one that operates to restrain the commission or continuance of an act; and it is only the former that is superseded by taking an appeal and giving the supersedeas bond provided by statute. The reason usually given for this distinction is that an appeal and supersedeas does not destroy the intrinsic effect of a judgment; that, nothwithstanding the appeal, the judgment is still the measure of such of the rights of the parties as it adjudicates; and until reversed it operates as an estoppel, and as *res judicata,* as effectively as it would had no appeal therefrom been taken, and no supersedeas bond given. In other words, the appeal and supersedeas operates as a stay of affirmative action upon the judgment, as a supersedeas of execution, but does not destroy the judgment in so far as it can operate without the aid of an execution.

While there are cases to the contrary, this distinction is supported by the great weight of authority. In the *Slaughter-House Cases,* 10 Wall. 273, 19 L. Ed. 915, Mr. Justice Clifford, speaking for the court, said, "It is quite certain that neither an injunction nor a decree dissolving an injunction passed in a circuit court is reversed or nullified by an appeal or writ of error before the cause is heard in this court;" and it was held that the same rule applied to writs of error from state courts in equity proceedings. To the same effect is *Hovey v. McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888. In *Leonard v. Ozark Land*

*Co.,* 115 U. S. 465, 6 Sup. Ct. 127, 29 L. Ed. 445, it was said:

"The injunction ordered by the final decree was not vacated by the appeal. *Slaughter-House Cases,* 10 Wall. 273, 297; *Hovey v. McDonald,* 109 U. S. 150, 161. It is true that in some of the *Slaughter-House Cases* the appeal was from a decree making perpetual a preliminary injunction which had been granted at an earlier stage of the case, but the fact of the preliminary injunction had nothing to do with the decision, which was 'that neither an injunction nor a decree dissolving an injunction is reversed or nullified by an appeal or writ of error before the cause is heard in this court.' This doctrine, in the general language here stated, was distinctly reaffirmed in *Hovey v. McDonald,* and it clearly refers to the injunction contained in the decree appealed from, without reference to whether that injunction was in perpetuation of a former order to the same effect, or was then for the first time granted. The injunction, therefore, which was granted by the final decree in this case, is in full force, notwithstanding the appeal."

And in *Knox County v. Harshman,* 132 U. S. 14, 10 Sup. Ct. 8, 33 L. Ed. 249, it was said: "The general rule is well settled that an appeal from a decree granting, refusing, or dissolving an injunction, does not disturb its operative effect." In *Central Union Tel. Co. v. State,* 110 Ind. 203, 10 N. E. 922, 12 N. E. 136, the rule is stated in the following language:

"The effect of a supersedeas is to restrain the appellee from taking affirmative action to enforce his decree, but it does not authorize the appellant to do what the decree prohibits him from doing. The doctrine which our decisions have long maintained is thus stated in *Nill v. Comparet,* 16 Ind. 107, 79 Am. Dec. 411: 'Indeed, the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding upon the parties, as to every question directly decided.' "

In *National Docks etc. R. Co. v. Pennsylvania R. Co.,* 54 N. J. Eq. 167, 33 Atl. 936, it was said:

"Moreover, I find no warrant for the insistment that the mere existence of an appeal suspends or in any manner affects the present inherent validity and force of the decree appealed from. The person in whose favor it is rendered is denied process to enforce it, and that is all. Consequently, where the decree is itself an injunction, that injunction is in force and must be obeyed, unless, to continue the *status quo* of the parties pending the determination of the appeal, this court or the court of errors and appeals shall order a suspension of its effect. And it is not necessary to issue a writ to bind the parties to the suit to obedience to such a decree. Being before the court, they are bound, at their peril, to take notice of the provisions of any decree rendered in due course upon the issues tendered."

In *State ex rel. Busch v. Dillon,* 96 Mo. 56, 8 S. W. 781, where the effect of the statutory provision is that a perfected appeal shall stay execution, and all further proceedings upon a judgment appealed from, it is said:

"Our law regulating practice in injunction and appeals is essentially the same as that prevailing in the federal courts and those of the other states, and the overwhelming weight of authority is that injunctions ordered on final hearing on the merits are not vacated by an appeal from that decree. A stay of proceedings from its nature operates only on orders and judgments commanding some act to be done, and does not reach injunctions."

To the same effect are the cases of *Gardner v. Gardner,* 87 N. Y. 18; *Genet v. Delaware etc. Canal Co.,* 113 N. Y. 475, 21 N. E. 390; *Hawkins v. State,* 126 Ind. 296, 26 N. E. 43; *Sixth Avenue R. Co. v. Gilbert Elev. R. Co.,* 71 N. Y. 430; *James v. Markham,* 125 N. C. 145, 34 S. E. 241; *Bullion etc. Min. Co. v. Eureka Hill Min. Co.,* 5 Utah 151, 13 Pac. 174.

The only cases we find supporting the relators' contention are from California. In that state all the decisions lay down the general rule that a mandatory injunction can be

superseded by an appeal and supersedeas bond, while a pro-
hibitory injunction cannot, but they do not agree on the
question whether it is the *status quo* at the time of the com-
mencement of the action, or at the time of taking the appeal,
that is maintained by the stay of execution when a stay
is effected. In *Merced Min. Co. v. Fremont,* 7 Cal. 130, it
is said that,

"A stay of proceedings, from its nature, only operates
upon orders or judgments commanding some act to be done,
and does not reach a case of injunction;"

and, further, that,

"The stay of proceedings, pending an appeal, has the legiti-
mate effect of keeping them in the condition in which they
were when the stay of proceedings was granted; it operates
so as to prevent any future change in the condition of the
parties.'

This case was approved on both propositions in the cases
of *Dewey v. Superior Court,* 81 Cal. 64, 22 Pac. 333, and
in *Schwarz v. Superior Court,* 111 Cal. 106, 43 Pac. 580.
On the other hand, in the cases of *Dulin v. Pacific Wood &
Coal Co.,* 98 Cal. 304, 33 Pac. 123; *Foster v. Superior Court,*
115 Cal. 279, 47 Pac. 58; and *Mark v. Superior Court,* 129
Cal. 1, 61 Pac. 436, the court, while adhering to its hold-
ing that a prohibitory injunction could not be superseded,
says that the effect of a stay of proceedings is to leave the
parties in the same situation with reference to the rights
involved in the action as they were prior to the granting
of the injunction. These cases make no mention of the
contrary rulings, and it may be that the statement was made
through inadvertence, as the question does not seem to have
been involved in either of them. But be this as it may, it
seems to us that the cases first cited state the rule in ac-
cordance, not only with the great weight of authority, but
with the better reason.

In this state, while no case presenting the precise facts
of this case has been determined, it seems to us that the

question presented has been determined in principle. In *State ex rel. Commercial Elec. etc. Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251, we held that a temporary injunction, restraining and enjoining the defendant from stringing electric wires on the streets of the plaintiff city, could not be superseded on an appeal therefrom. In *State ex rel. Flaherty v. Superior Court,* 35 Wash. 200, 77 Pac. 33, we held the same way with reference to a final order of injunction enjoining the appellant from fencing up and otherwise obstructing a roadway. In these cases the question presented differed from the question in the case before us, in that the injunctive orders restrained the commission of an act, while the one before us restrains the continuance of an act. But, according to all of the definitions, an injunction which restrains the continuance of an act or a series of acts is just as much a preventive or prohibitory injunction as is one which restrains the commission of an act, and, this being so, neither can be superseded on an appeal.

It is thought, however, that the case of *State ex rel. Byers v. Superior Court,* 28 Wash. 408, 68 Pac. 865, lays down a different rule. But it will be seen, on an examination of that case, that the injunctive order there in consideration was a mandatory injunction, as it commanded the defendant to deliver to the appellant certain books of account, moneys, and other property, of which he was in possession, belonging to a corporation. While the court said that the effect of a stay of proceedings was to preserve the *status quo* of the parties, it is clear that it meant nothing more than that a mandatory injunction could be superseded.

It may be that the court itself has inherent power to suspend the effect of a prohibitory injunction, when the purposes of justice require it, pending a decision of the merits on an appeal *(Hovey v. McDonald, supra),* but this question we do not decide. The relators insist that they are entitled to supersede the order appealed from as a matter of

right, and this we hold they cannot do, as the order is a preventive, and not a mandatory, injunction.

The application is denied.

MOUNT, C. J., RUDKIN, CROW, HADLEY, and DUNBAR, JJ., concur.