[No. 6283. Decided July 24, 1906.]

THE STATE OF WASHINGTON, on the Relation of O. P. Burrows et al., Plaintiff, v. THE SUPERIOR COURT FOR CHEHALIS COUNTY, Respondent.[1]

COURTS—POWERS—INJUNCTIONS—APPEAL—SUPERSEDEAS. The superior courts exercising general equity jurisdiction, have all the powers of the English chancery court, and have inherent power to suspend the effect of a prohibitory injunction pending an appeal.

SAME—STATUTES—CONSTRUCTION. Bal. Code, § 6507 providing that where a final judgment shall be rendered by any superior court in a cause where a temporary injunction has been granted, and the party at whose instance such injunction was granted shall appeal, such injunction shall remain in force pending the appeal, does not affect the inherent power of the court, to suspend the effect of a perpetual injunction pending appeal by the party against whom the same was granted.

SAME—CONSTITUTIONAL LAW—DAMAGING PROPERTY. Where the lower court has found that the defendants are damaging the property of the plaintiffs by unlawfully flushing a stream, and has granted a perpetual injunction, a suspension of the judgment, pending appeal, upon the filing of a bond to cover damages, does not violate Const. art. 1, § 16, prohibiting the taking or damaging of property without compensation having been first paid; since that assumes the question litigated and changes the status of the parties.

PROHIBITION—TO COURTS—WHEN LIES. Prohibition will not be granted to prevent the suspension by the lower court, of a perpetual injunction pending appeal, since that is within the inherent power of, and discretionary with, the trial court.

Application filed in the supreme court, June 20, 1906, for a writ of prohibition directed to the superior court for Chehalis county, Chapman, J., to prevent the suspension of a prohibitory injunction pending appeal. Denied.

J. W. Robinson, for appellant.

J. B. Bridges and Ben Sheeks, for respondent.

[1]Reported in 86 Pac. 632.

MOUNT, C. J.—Application for a writ of prohibition to prevent the suspension of a prohibitory injunction pending an appeal to this court. In December, 1905, the relators brought an action in the superior court of Chehalis county, to restrain the Grays Harbor Boom Company and the Humptulips Driving Company from injuring the relators' land across which the Humptulips river flows, and from obstructing said river with logs. The complaint alleged, in substance, that the plaintiffs were the owners of certain lands across which the Humptulips river flows; that such lands were improved and used by plaintiffs as a home and stock farm; that the Humptulips river is a navigable, fresh-water stream over which plaintiffs and their children exercise the right of ingress and egress to and from their home; that the defendants maintain a boom at the mouth of said river immediately below the lands of plaintiffs, which boom has been used since September, 1905, for catching, holding, and sorting sawlogs; that the defendants were engaged in driving sawlogs down the said river by means of splash dams, thereby overflowing said lands; that the defendants fill said river with logs from bank to bank for the greater portion of the year, thereby obstructing plaintiffs' right of ingress and egress by means of the river, and depriving plaintiffs of the use of the river for domestic purposes, and rendering the use of the river by plaintiffs hazardous to life and property.

All these allegations were denied by the defendants, excepting that defendants admitted that the Humptulips river was a navigable, fresh-water stream, and that they were using the same immediately below and adjacent to plaintiffs' land for the purpose of driving, catching, holding, and sorting logs; that in driving logs they used said river by means of splash dams and freshets. The trial court found all of the issues in favor of plaintiffs and, on the 19th day of May, 1906, entered a judgment perpetually enjoining the defendants from obstructing the said river to navigation, and from

storing and rafting logs therein above the line of mean high water, and from so obstructing said river as to cause the same to overflow plaintiffs' land, and from using the banks of plaintiffs' land above the line of mean high tide for one side of the boom, and ordered the defendants to keep an open waterway fifty feet in width along the west bank of plaintiffs' lands.

After the trial court had announced its findings and conclusions, but before the same had been reduced to writing, or signed, and before the judgment was entered, the defendants applied to the trial court for a suspension of the judgment pending an appeal to this court. The matter was argued by both parties, and the court then announced that he would make such an order conditioned upon defendants filing a bond in a stated sum to respond in such damages as plaintiffs might sustain pending such appeal, but delayed making the order pending this application for a writ of prohibition. The findings of fact and conclusions and the decree were thereupon signed and entered as above stated. It is apparently conceded by the counsel for respondent that the trial court cannot be required, as a matter of right under the statutes, to grant a stay of a prohibitory injunction, and it is also conceded that there is no statute authorizing the trial court to make an order granting a stay of such judgment pending an appeal to this court. But respondent contends that, independent of the statute, the trial court, by virtue of its equity jurisdiction, has inherent power to suspend the operation of the injunction upon such conditions as appear just, pending appeal to this court. The power of the trial court in this respect is the question presented upon this hearing.

This court has repeatedly held that the trial court would not be required by mandate to order a stay or fix a bond which should operate to supersede a prohibitory injunction pending appeal, and that a statutory supersedeas could not stay such decree. *State ex rel. Gibson v. Superior Court,*

39 Wash. 115, 80 Pac. 1108; *State ex rel. Flaherty v. Superior Court,* 35 Wash. 200, 77 Pac. 33; *State ex rel. Sprague v. Superior Court,* 32 Wash. 693, 73 Pac. 779; *State ex rel. Oudin v. Superior Court,* 31 Wash. 481, 71 Pac. 1095, and other cases. The question of the power of the trial court to suspend the operation of an injunction pending appeal has never been directly passed upon by this court, so far as we are advised. The question was mooted in *State ex rel. Gibson v. Superior Court, supra,* where we said:

"It may be that the court itself has inherent power to suspend the effect of a prohibitory injunction, when the purposes of justice require it, pending a decision of the merits on an appeal (*Hovey v. McDonald,* 109 U. S. 150), but this question we do not decide."

The trial court in this case is a court of general equity jurisdiction. Const., art. 4, § 6. Bal. Code, § 4663 (P. C. § 4362). It has all the powers of the English chancery court, and may grant and enforce its decrees in such manner as the justice of the particular case requires. The power of suspending the operation of injunctive decrees has frequently been exercised by courts of general chancery jurisdiction. *Genet v. President etc. Canal Co.,* 113 N. Y. 472, 21 N. E. 390; *Carson v. Jansen,* 65 Neb. 423, 91 N. W. 398; *Tenement House Dep. v. Moeschen,* 41 Misc. Rep. 446, 85 N. Y. Supp. 19; *Hovey v. McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; *National Docks etc. R. Co. v. Pennsylvania R. Co.,* 54 N. J. Eq. 10, 33 Atl. 219, and cases there cited. In *Hathaway v. Yakima Water L. & P. Co.,* 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847, the trial court granted a permanent injunction against the maintenance of a ditch across the plaintiff's land, but suspended the injunction for thirty days to allow condemnation by the defendant. On appeal this court affirmed that judgment, thus recognizing the power of the trial court to suspend the injunction. See also, *Rigney v. Tacoma Light & Water Co.,* 9 Wash. 576, 38 Pac. 147, 26 L. R. A. 425; *New Whatcom v. Fairhaven Land Co.,* 24

Wash. 493, 64 Pac. 735, 54 L. R. A. 190; *Slaght v. Northern Pac. R. Co.*, 39 Wash. 576, 81 Pac. 1062.

In the case of *Genet v. President etc. Canal Co., supra,* it was said:

"The general practice permits courts to control their judgments in the interest of justice, and unless some statutory rule prescribes the method of procedure, or there is some statutory prohibition, I do not perceive how it can be said that there is no power in the court of original jurisdiction to suspend the operation of a judgment pending an appeal, and especially where, by so doing, the parties would be left in the position in which they were when the action was brought."

This case from the court of appeals of New York is squarely in point in the present case. We have no doubt of the inherent power of the court of original jurisdiction to grant a suspension of injunctive decrees pending appeal, where justice may require it, and where the status of the parties is not changed, providing such right is not taken away by statute. Our statute does not deny such power. Bal. Code, § 6507, provides that where a final judgment shall be rendered by any superior court in a cause where a temporary injunction has been granted and the party at whose instance such injunction was granted shall appeal, such injunction shall remain in force pending the appeal, if a proper bond is given. The next section provides for substantially the same right, in cases of appeal from this court to the supreme court of the United States. These sections provide for the injunction to be maintained pending appeal as a matter of right in the cases named therein, but they do not take away the power of the court to suspend an injunction against an appellant pending the appeal. It is evident that the legislature did not desire to take away from the trial court the power to control its prohibitory decrees, and place such power as a matter of right in the hands of those against whom the injunction issued, because in many cases such right would entirely defeat the whole

purpose of the decree. The power, for that reason, was wisely left with the court, to be exercised only in such cases as the ends of justice require. *Home Fire Ins. Co. v. Dutcher,* 48 Neb. 755, 67 N. W. 766; *In re Epley,* 10 Okl. 631, 64 Pac. 18; *National Docks etc. R. Co. v. Pennsylvania R. Co., supra.*

No authorities are cited by relators against the position taken by respondent upon the questions above discussed, but relators argue that the trial court has found that defendants are unlawfully damaging their property, and has granted a perpetual injunction, and if the trial court is permitted to suspend such injunction, relators' property will be damaged without compensation having been first paid, in violation of § 16, art. 1, of the constitution. *State ex rel. Commmercial Elec. L. & P. Co. v. Stallcup,* 15 Wash. 263, 46 Pac. 251, and *State ex rel. Smith v. Superior Court,* 26 Wash. 278, 66 Pac. 385, are cited to that point.

This position, of course, assumes the question which was litigated in the trial court, and which is now being litigated in this court on appeal, and depends upon the decision of the case upon its merits. It does not go to the power of the trial court to suspend its judgment pending appeal. The judgment awarding an injunction in this case, if enforced pending the appeal, will change the status of the parties. The defendants, according to the complaint of relators, have been engaged in booming and driving logs since September, 1905. They have been using the river and relators' lands since that time up to the time of the entry of the decree. No temporary injunction appears to have been granted. Defendants deny that they have used relators' land or injured the same, or infringed upon relators' rights in any manner. If the decree is enforced pending the appeal, defendants may be required to suspend a profitable business at great loss. No bond has been given by relators, and none can be required in order to place the permanent injunction in effect. If the relators are successful on the appeal, there is no security for their loss; while on the other

hand, if defendants are successful and the judgment of the lower court should be affirmed, their loss may be recovered, because the trial court will make provision therefor.

In the case of *State ex rel. Commercial L. & P. Co. v. Stallcup,* this court suggested that, if a supersedeas were allowed by statute as a matter of right, the constitutionality of such statute might well be doubted. The reason given therefor was that the status of the parties might thereby be changed and valuable rights lost which could not be compensated. This, of course, is the reason why the legislature has not seen fit to place the power of supersedeas in such cases in the hands of the parties, as a matter of right, as suggested above. We think this case does not support relators' position. The case of *State ex rel. Smith v. Superior Court, supra,* was a case where an injunction was issued and a bond permitted to be substituted therefor. The injunction was thereupon declared void. Respondents in that action were then permitted to take possession and damage relator's property without paying therefor in advance. The status of the parties was permitted to be changed by the filing of the bond. We held that such action was in violation of the constitution. *State ex rel. Young v. Superior Court, ante,* p. 34, 85 Pac. 989. Justice to litigants usually requires that the status of the parties at the time of the judgment should be maintained pending appeals. The change of condition usually works hardships. In cases of the kind before us the trial courts can be depended upon to give proper relief. It is discretionary whether such courts shall suspend a doubtful decree pending appeal. That discretion will not be controlled by extraordinary writs from this court.

The writ prayed for is therefore denied.

CROW, HADLEY, FULLERTON, RUDKIN, ROOT, and DUNBAR, JJ., concur.