[No. 26928. Department Two. January 11, 1938.]

THE STATE OF WASHINGTON, on the Relation of Matt
Meehan, Plaintiff, v. THE SUPERIOR COURT FOR
KING COUNTY, Kazis Kay, Judge,
Respondent.[1]

*James J. Molthan* and *Marcus Rohlfs*, for relator.
*Vanderveer & Bassett*, for respondent.

[1]Reported in 74 P. (2d) 1012.

BLAKE, J.—This is an application for a writ of mandamus, to compel the superior court to fix the amount of a supersedeas bond on appeal from an order granting a mandatory injunction during the pendency of an action entitled: International Longshoremen's Association, a voluntary association, et al., Plaintiffs, v. District 38 of International Longshoremen's Association, a voluntary association, and Matt Meehan, its Secretary-Treasurer, et al., Defendants.

In that action, on September 20, 1937, the plaintiffs filed a complaint, alleging that the defendant District No. 38 was a subsidiary of the plaintiff association, and that it (the subsidiary) and Matt Meehan had in their possession books, records, property and bank deposits belonging to plaintiff association; that one E. G. Dietrich (also a plaintiff) had been authorized by plaintiff association to take possession of such books, records, money, and property. Plaintiffs prayed for a decree directing the defendants to turn over to Dietrich "the office of the district and all of its books, records, money, bank accounts, and other property."

Upon filing of the complaint, the court entered a show cause and restraining order. Upon hearing of the show cause order, the court, on October 15, 1937, entered an order directing the defendant Matt Meehan to deliver to Ray W. Calkins, as secretary-treasurer of District No. 38 of International Longshoremen's Association,

". . . the charter of said association, all books and records of account, including all bank books, cancelled bank checks and check stubs, and all office furniture and equipment, the property of said district."

From the order so entered, Meehan gave notice of appeal, and filed a bond in the sum of two hundred dollars, described as a "Supersedeas and Cost Bond on

Appeal." Subsequently, Meehan applied to the court for an order fixing the amount of a supersedeas bond. Upon this application, the court entered an order fixing the amount of the bond

" . . . at $1,000, on condition that said defendant affords the plaintiffs and Ray W. Calkins, Secretary-Treasurer of District No. 38 of International Longshoremen's Association, free access to the books, records of account, all bank books, canceled checks and check stubs specified in the order of this court of October 15, 1937, with the privilege of inspecting and making copies of the same at all times during the pendency of the defendant's aforesaid appeal."

■ Undoubtedly, relator is entitled to supersede the order appealed from, it being a mandatory injunction. State ex rel. Byers v. Superior Court, 28 Wash. 403, 68 Pac. 865; State ex rel. Gibson v. Superior Court, 39 Wash. 115, 80 Pac. 1108, 109 Am. St. 862, 1 L. R. A. (N. S.) 554.

■ Under the rule laid down in those cases, the remedy is by mandamus, where the trial court refuses to fix the amount of the supersedeas bond. But here the court has not refused to fix the amount. It has not refused to act in the premises. So relator's remedy is not by mandamus. He is, however, entitled to a review of the order by certiorari, if in its scope the order is beyond the jurisdiction of the court.

This court has adopted the practice of treating applications for extraordinary writs interchangeably. If application is made in terms for a particular writ, and it appears from the record that relator is not entitled to the writ applied for, but is entitled to another, the application will be treated as made for the proper writ. State ex rel. Crockett v. Sutton, 159 Wash. 307, 293 Pac. 469; State ex rel. Resburg v. Superior Court, 168 Wash. 384, 12 P. (2d) 420. So we shall treat this application as one for certiorari, since the trial court, as

a part of its answer, has certified the entire record to this court.

■ The right to supersede a judgment or order from which an appeal is taken, is found in Rem. Rev. Stat., § 1722 [P. C. § 7296]. The statute explicitly defines the conditions of the right and the scope of the function of the trial court. In cases of appeal from final judgment for the recovery of money, the trial court has no function to perform, since the statute provides that the amount of the supersedeas bond shall be in "double the amount of the damages and costs." But

". . . in other cases [the bond] shall be in such penalty, not less than two hundred dollars, and sufficient to save the respondent harmless from damages by reason of the appeal, as a judge of the superior court shall prescribe. . . ."

Clearly, this statute confers no power on the superior judge other than to fix the amount of the bond in a sum sufficient to save the respondent harmless by reason of the appeal.

Respondent urges that the condition of the order is but the exercise of the power of the court to order inspection of books and records, under Rem. Rev. Stat., § 1262 [P. C. § 7771]. To sustain that suggestion would be tantamount to holding that the latter section broadens the power conferred on the court by Rem. Rev. Stat., § 1722. The statutes have no relation to each other, and the one can have no bearing upon the construction of the other.

■ Respondent also suggests that relator has an adequate remedy by appeal. From what we have said of the issues in the main action, it is apparent that, under the condition of the order, plaintiffs in that action would have the gist of the relief for which that action was brought. We think the remedy by appeal

is inadequate to review that portion of the order (the condition) which was not within the jurisdiction of the court to make.

The order is reversed, and the cause remanded with directions to enter an order fixing the "penalty . . . sufficient to save the respondent harmless from damages by reason of the appeal," and without conditions.

STEINERT, C. J., BEALS, MILLARD, and ROBINSON, JJ., concur.