[No. 31336.   Department Two.   February 18, 1950.]

THE STATE OF WASHINGTON, *on the Relation of Arthur B. Langlie, Plaintiff,* v. CHARLES T. WRIGHT, *as Judge of the Superior Court for Thurston County, Respondent.*[1]

*The Attorney General* and *E. W. Anderson, Special Assistant,* for relator.

*John A. Burns* and *Smithmoore P. Myers,* for respondent.

BEALS, J.—For some time prior to May 2, 1949, Ensley M. Llewellyn, who held a field officer's rank in the National Guard of this state, had been, under assignment by the governor, acting as adjutant general of the Washington National Guard.

On the date above referred to, the Honorable Arthur B. Langlie, governor of the state of Washington, relieved General Llewellyn temporarily from his assignment as adjutant general, and, July 8th following, relieved him from further duty as adjutant general. July 10th, Governor Langlie assigned Colonel E. C. French, of the Washington National Guard, as acting adjutant general, and, a few days later, assigned Colonel L. H. Stevens, an officer of the Washington National Guard, as adjutant general. General Stevens has ever since continued to perform the duties pertaining to that office.

July 28, 1949, Ensley M. Llewellyn filed a complaint before the superior court of the state of Washington for Thurston county (being cause No. 24499, entitled "ENSLEY M. LLEWELLYN, Plaintiff, v. ARTHUR B. LANGLIE, Governor of the State of Washington, Defendant"), praying that Governor Langlie be enjoined from interfering with Llewellyn's occupancy of the office of adjutant general, and that a permanent injunction be issued, enjoining the governor from interfering in any way with plaintiff's assignment to that office.

After issues joined, by the filing of the defendant's answer, the action was tried to the court, Judge Charles T. Wright presiding, with the result that, January 9, 1950, the court entered a decree which, *inter alia,* contains the following:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff is the de facto Adjutant General of the State of Washington, and is entitled to immediate possession of that office.

"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant be and he is hereby permanently enjoined and restrained from interfering in any way with the plaintiff in the plaintiff's occupancy of said office of Adjutant General of the State of Washington."

It is agreed that Governor Langlie, the defendant in the action, seasonably gave notice of appeal to this court from the decree, and filed a bond in support thereof.

Thereafter, January 11, 1950, this proceeding was instituted in this court by the filing of a petition for a writ of mandate, entitled "THE STATE OF WASHINGTON, on the Relation of Arthur B. Langlie, Governor, Plaintiff, v. HONORABLE CHARLES T. WRIGHT, Judge of the Superior Court of the State of Washington for Thurston County, Respondent," in which the relator alleged the facts hereinabove set forth. The petition contains other allegations to the effect that relator had applied to the superior court for an order of supersedeas suspending the operation of the decree until the appeal be determined by this court, and fixing the amount of a supersedeas bond, and that his application had been denied. Relator alleged, by way of a conclusion of law, that,

". . . while in terms said decree purports to be prohibitory, it is in fact, at least in part, mandatory in that it impliedly requires your relator to perform certain affirmative acts, viz: to restore plaintiff in the cause, Llewellyn, to the occupancy, de facto, of the office of Adjutant General, and to transfer to him the custody and control of all records, funds and other property of the State of Washington situated in the headquarters of the National Guard of Washington at Camp Murray, Washington."

Relator further alleged that the matter was emergent; that relator was, and is, entitled, as a matter of right, to an order of supersedeas suspending the operation of the decree, pending determination of relator's appeal to this court; and that relator had no plain, speedy, and adequate remedy at law.

Relator prayed for the issuance of an alternative writ of mandate, directed to respondent judge, requiring him to enter an order of supersedeas in cause No. 24499 before the superior court for Thurston county, suspending the operation of the decree in that cause and fixing the amount of an appropriate supersedeas bond, to be effective during the pendency of the appeal, or to show cause why he should not do so.

Upon the filing of the foregoing petition by relator, this court entered an order directing the issuance of an alternative writ of mandate directed to respondent judge, requiring him to enter an order of supersedeas in the action before the superior court, suspending the operation of the decree entered in that cause January 9, 1950, upon the filing of a supersedeas bond in an amount to be fixed by the superior court, or show cause before this court, February 3, 1950, why such an order had not been entered. An alternative writ was issued and served.

January 23, 1950, respondent judge filed his demurrer to the petition, basing his demurrer upon lack of jurisdiction of the subject matter of the action, and failure of the petition to state facts sufficient to entitle relator to the relief sought or to any relief. At the same time, respondent filed his answer to the petition, alleging, *inter alia,* that the superior court for Thurston county, in the action above referred to, acting through respondent as a judge of that court, had held that Ensley M. Llewellyn was the *de facto* holder of the office of adjutant general of the Washington National Guard, and entitled to immediate possession of that office.

Respondent admitted that relator had appealed to this court from the decree entered by the superior court, and

had moved the superior court for an order of supersedeas suspending the operation of the decree and fixing the amount of a supersedeas bond, which motion had been denied.

Respondent further alleged that the superior court had ruled that the decree appealed from "was strictly prohibitory and required no affirmative acts" by the relator in this proceeding, and asked that the petition for a writ of mandate be denied and that the alternative writ hereinabove referred to be quashed.

The issues having been joined, as above stated, relator's application for a writ of mandate came on regularly to be heard before this court, February 3, 1950, relator and respondent appearing by their respective counsel, and, after argument, the matter was submitted to this court for decision.

The parties agree that it is the law that the operation of a mandatory injunction may be suspended pending an appeal, while a preventive or prohibitory injunction may not be so stayed. *State ex rel. Commercial Electric Light & Power Co. v. Stallcup,* 15 Wash. 263, 46 Pac.. 251; *State ex rel. Flaherty v. Superior Court,* 35 Wash. 200, 77 Pac. 33; *State ex rel. Gibson v. Superior Court,* 39 Wash. 115, 80 Pac. 1108, 109 Am. St. 862, 1 L. R. A. (N.S.) 554, where the court held that, on the facts, a stay could not be demanded, as a matter of right; *State ex rel. Engen v. Hewen,* 128 Wash. 34, 221 Pac. 976, where the court held that no abuse of discretion was shown in refusing a stay. .

It is also the law that one against whom a mandatory injunction has been issued will generally be entitled to a stay thereof, as a matter of right. *State ex rel. Byers v. Superior Court,* 28 Wash. 403, 68 Pac. 865; *State ex rel. Meehan v. Superior Court,* 193 Wash. 249, 74 P. (2d) 1012.

In the case of a mandatory injunction, a remedy, in aid of an appeal, available to the party against whom the injunction has been issued, is by way of an application for a writ of mandate.

It has been held that a prohibitory injunction may be superseded (or a stay ordered) by an appellate court, either

in the exercise of its original jurisdiction or in aid of its appellate jurisdiction, in cases where it appears that the particular situation presented calls for the granting of an order of supersedeas, or an order suspending enforcement of a portion of the decree, so that the *status quo* of the parties may be preserved until final determination of the action. *Lund v. Idaho & Washington Northern R. Co.,* 48 Wash. 453, 93 Pac. 1071; *Campbell Lbr. Co. v. Deep River Logging Co.,* 68 Wash. 431, 123 Pac. 596.

In determining whether or not such a decree as was entered by the superior court in the action above referred to may be superseded, pending appeal to this court from the decree as entered, the relative positions of the parties to the proceeding and the effect of the decree appealed from, if carried into effect pending appeal to this court, should be considered, and the respective equities balanced.

The parties to this proceeding differ in their contentions concerning the nature and effect of the trial court's decree. Relator argues that it is mandatory, at least in part, while respondent contends that it is merely prohibitory or preventive.

A decree enjoining and restraining the defendant in a judicial proceeding, which appears to be prohibitory in form, in its effect may be, in part, mandatory. *Stewart v. Superior Court,* 100 Cal. 543, 35 Pac. 156, 563; *Foster v. Superior Court,* 115 Cal. 279, 47 Pac. 58; *Clute v. Superior Court,* 155 Cal. 15, 99 Pac. 362, 132 Am. St. 54; *Pennsylvania R. Co. v. National Docks & New Jersey Junction Connecting R. Co.,* 54 N. J. Eq. 647, 35 Atl. 433.

In the case of *Helbig v. Phillips,* 109 N. J. Eq. 546, 158 Atl. 441, 93 A. L. R. 706, the court observed:

"Where the decretal order or injunction, by whatever name known, calls for an alteration in the status of the parties as previously existing, and an appeal is taken, the effect of the appeal is to suspend the operation of such order or injunction until, and subject to, the determination of the appeal."

Respondent agrees with relator in the latter's statement that a mandatory injunction may be superseded, as a matter

of right, and that a prohibitory or preventive injunction may be superseded in the exercise of the court's judicial discretion, or in cases where special circumstances justify a supersedeas for the purpose of preventing injustice or irreparable harm. *State ex rel. Burrows v. Superior Court,* 43 Wash. 225, 86 Pac. 632.

Respondent argues that the trial court's decree provides for an injunction which is preventive only, both in form and effect, relying strongly upon *State ex rel. Gibson v. Superior Court, supra,* in which this court held that an injunction granted by the superior court, enjoining the defendants from continuing to operate a shooting gallery and certain musical instruments, could not be superseded pending an appeal to this court. In the opinion, this court considered the California cases above cited, holding that, in the case before the court, the injunction was merely preventive. The opinion suggests that an appellate court might suspend the effect of a prohibitory injunction, pending a decision on the merits, but the court passed the question.

Respondent calls attention to the fact that relator did not apply to this court for an order of supersedeas, but, by applying for a writ of mandate to the superior court, seeks to control the discretion of that court by the issuance of the writ demanded. In this case, the procedure is not material.

Respondent also argues that the superior court did not, by its decree, declare that Ensley M. Llewellyn is the *de jure* adjutant general, but decided that he is the *de facto* adjutant general, and entitled to the immediate possession of the office of adjutant general of the Washington National Guard, to have possession of that office, without interference, pending the appeal in this case. Respondent also argues that both Llewellyn and the general public "could well suffer irreparable harm by a supersedeas of the injunction which would permit such interference to continue." This argument is not persuasive.

We have examined the authorities cited by the respective parties to this proceeding, and further discussion of them is unnecessary.

It may be assumed that the appeal which relator is prosecuting from the decree of the superior court will be heard before the lapse of any considerable period of time. We find no basis for holding that the public interest has been, or is, or will be jeopardized by the continuance of the *status quo* until this appeal is finally decided.

On the other hand, it is clear that, if Ensley M. Llewellyn should, by virtue of the decree appealed from, enter into possession of the office of adjutant general, pending the determination of the appeal, and if the action should be finally determined contrary to his contentions, considerable confusion would necessarily have been caused by a temporary change of personnel in the office.

It would seem that the decree of the trial court, at least in some respects, amounts to a mandatory injunction, or may be construed as such, but we find it unnecessary to decide that question.

In any event, the situation before us calls for the exercise by this court of its judicial discretion, and, in the exercise of that discretion, we hold that relator's application for a writ of mandate, directed to the trial court, requiring that court to enter an order suspending the operation of its decree pending final determination by this court of relator's appeal, should be granted.

A writ of mandate will issue, as prayed for by relator.

SIMPSON, C. J., ROBINSON, MALLERY, and HILL, JJ., concur.