Statement of Facts.

[No. 5841.]

# N. A. COVARRUBIAS, SHERIFF OF SANTA BARBARA COUNTY, *v.* THE BOARD OF SUPERVISORS OF SANTA BARBARA COUNTY.

APPEAL IN SPECIAL PROCEEDING TO REMOVE OFFICER. — An action brought in the District Court to oust an officer because of malfeasance in office is a special proceeding from the judgment, in which an appeal will lie.

IDEM—SUPERSEDEAS.—The taking and perfecting of such an appeal *ipso facto* operates a *supersedeas.*

This was an original application to the Supreme Court for a writ of prohibition to restrain the Board of Supervisors of Santa Barbara County from electing a successor to the petitioner as Sheriff.

The petition states that the petitioner was elected Sheriff and Tax Collector September 1st, 1875, duly qualified on the tenth of the same month, and on the first Monday in March, 1876, entered upon the duties of his office ; that in September, 1877, one Williams commenced an action against him, alleging malfeasance in office, and praying his removal from office and to recover $100 as provided by the Act of March 30th, 1874 (Stats. p. 911); that judgment was rendered against the petitioner October 29th, 1877, in accordance with the plaintiff's demand ; whereupon, the same day the judgment was rendered, the petitioner took an appeal as provided by secs. 941 and 942 of the Code of Civil Procedure; and that notwithstanding the appeal so taken, the respondents were proceeding to appoint a person to succeed the petitioner in his office of Sheriff and Tax Collector. The prayer of the petition is for an alternative writ to restrain the respondents from taking any action in the matter pending the appeal.

Sec. 772 of the Penal Code provides that upon the presentation to the District Court of an information by any person charging an officer with neglecting to perform the duties of his office, the Court must proceed to hear the case in a summary way, and if the charge is sustained, must remove the officer and render judgment to the complainant for five hundred dollars.

The Act of March 30th, 1874, (Statutes, 911) is similar to

the section cited from the Penal Code, but authorizes a judgment for $100 only.

Sec. 939 of the Code of Civil Procedure provides that " an appeal may be taken from a final judgment in a cause of special proceeding, commenced in a Court in which the same was rendered, within one year from the entry of the judgment."

The respondents filed a general demurrer.

*W. C. Stratton* and *T. B. Bishop*, for Petitioner.

*H. H. Haight*, for Respondents.

By the Court:

The proceeding had in the District Court of the First Judicial District against Covarrubias, and which resulted in a judgment removing him from his office of Sheriff, was had under the provisions of the Act of March 30th, 1874, (p. 911) and not under the provisions of the Penal Code (sec. 772).

On the same day on which the judgment was rendered, Covarrubias took and perfected an appeal to this Court from the judgment, by filing and serving a notice of appeal, and executing and filing an undertaking on appeal, as prescribed by the Code of Civil Procedure (sec. 941).

The statute provides for an appeal in a case of this character (Code Civil Procedure, sec. 939).

And the judgment rendered in the District Court not being of the character mentioned in secs. 942, 943, 944, or 945 of the Code of Civil Procedure, the perfecting of the appeal by giving the undertaking *ipso facto* operated a supersedeas (sec. 949); for it was not adjudged in the District Court, nor could it have been properly adjudged in this proceeding, that the petitioner was guilty of usurping or intruding into the office of Sheriff, or " unlawfully holding " that office within the intent of sec. 949, just referred to.

It results that the demurrer to the petition must be overruled, and it is so ordered, with leave to the respondents to answer within ten days.