|125  527|
|140  223|

[S. F. No. 1816.   In Bank—August 4, 1899.]

FRED H. DAY, Petitioner, v. S. O. GUNNING, Respondent.

ELECTION CONTEST—APPEAL FROM JUDGMENT—STAY OF PROCEED-
INGS—MANDAMUS.—Upon appeal from a judgment rendered in
favor of the contestant in an election contest, the giving of the
three hundred dollar bond operates as a stay of proceedings;
and mandamus will not lie to compel the defendant, who, prior
to the judgment, entered upon the discharge of the duties of
the office under his certificate of election, to admit the con-
testant to the use and enjoyment of the office.

ID.—JUDGMENT—UNLAWFUL HOLDING OF OFFICE—QUO WARRANTO—
CONSTRUCTION OF CODE.—The judgment in an election contest
cannot properly adjudge that the defendant is unlawfully hold-
ing the office; and the provision of section 949 of the Code of
Civil Procedure, which provides that an appeal does not stay
proceedings where the judgment "adjudges the defendant guilty
of usurping or intruding into, or unlawfully holding public of-
fice," et cetera, applies only to the judgment in an action of *quo
warranto,* or for the usurpation of office, and not to any judg-
ment proper to be entered in an election contest.

APPLICATION in the Supreme Court for writ of mandate
to compel the respondent to admit the petitioner to office,
pending an appeal from a judgment rendered in favor of the
petitioner in an election contest· against the respondent in the
Superior Court of Yuba County.   E. A. Davis, Judge.

The facts are stated in the opinion of the court.

W. T. Phipps, for Petitioner.

W. H. Carlin, and J. E. Ebert, for Respondent.

HENSHAW, J.—An alternative writ of mandate was issued
from this court, directed to the respondent, and ordering him to
admit petitioner to the use and enjoyment of the office of
auditor and recorder of the county of Yuba, or to show cause
why he does not do so.   At the hearing upon the return it was
made to appear that at the general election held in 1898 the
petitioner and the respondent were opposing candidates for the
office of auditor and recorder of Yuba county.   In due time the
board of supervisors canvassed the vote cast at the election, and

declared Gunning to have been elected to the office. A certificate of election was issued to him accordingly. Within the time contemplated by law the petitioner instituted a contest of the election under the provisions of title 2, part 3, of the Code of Civil Procedure. The contest was heard in the superior court, the votes were counted, and as a result the court gave its judgment that the contestor, the petitioner herein, was duly elected to the office, and "that said defendant and respondent is unlawfully holding said office; that the certificate of election to said office heretofore issued to said respondent for said office is hereby revoked, annulled, set aside, and canceled; that the clerk of the said county of Yuba is ordered to issue to said Fred H. Day a certificate of election to said office, and that upon properly qualifying said Fred H. Day be let into possession of said office." Thereafter, and within ten days of the date of the judgment, Gunning appealed to this court, giving the ordinary three-hundred-dollar bond upon appeal. Between the date of the institution of the election contest and the date of the judgment therein the term of the auditor-elect commenced. By virtue of his certificate of election Gunning entered the office and discharged its duties. He was so in possession and so discharging its duties at the time when the judgment was rendered against him in the election contest. After that judgment Day duly qualified and made demand upon Gunning to be let into possession of the office, with which demand Gunning refused to comply.

Under these facts it is seen that the legal question presented is the single one, namely: Whether an appeal from a judgment such as this operates as a *supersedeas*. Generally speaking, an appeal to this court, accompanied by the three-hundred-dollar undertaking, stays the execution of the judgment, excepting judgments in certain enumerated kinds of cases. As an appeal in contested election cases is accorded to either party under section 1126 of the Code of Civil Procedure, it must follow that unless the judgment which the court is authorized to enter in such a case belongs to one or another of the excepted classes, the appeal does operate to stay its enforcement. Section 949 of the Code of Civil Procedure provides that the perfecting of an appeal stays proceedings in the court below upon the judgment,

excepting where the judgment "adjudges the defendant guilty of usurping or intruding into or unlawfully holding public office, civil or military, within this state." It is contended by petitioner that the judgment in this case is one declaring that the contestee unlawfully holds a public office, and that, therefore, the perfection of the appeal does not stay the enforcement of the judgment. But it would not matter that the judgment so declared, unless it were within the power of the court in this proceeding to pronounce such a judgment. This is an action to contest an election, the judgment in which may be one of three—a judgment of dismissal, a judgment setting aside and annulling the election, or a judgment declaring that the contestee or some other person has received the highest number of legal votes, and is, therefore, elected. It was this last kind of judgment which the court gave, but it added to it the unauthorized declaration that the contestee was unlawfully holding office. Such a judicial declaration is appropriate to the action of *quo warranto,* or usurpation of office, which is an entirely distinct proceeding from the one which was here employed. Section 803 of the Code of Civil Procedure authorizes the commencement of an action against any person who "usurps, intrudes unto, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state." This language is identical with that above quoted from section 949 of the same code, and it is quite apparent upon the reading of the two sections that it is to such a judgment in *quo warranto,* or for usurpation of office, that section 949 has reference. Within the reading of those sections it cannot be said that the respondent is unlawfully holding his office. Assuredly, he entered upon it lawfully by virtue of his certificate of election. If, by matters arising after his incumbency, he has lost the right to retain the office, still it cannot be adjudged in this proceeding that he is usurping, or intruding, or unlawfully holding office, within the intent and meaning of section 949. In this respect the case would be parallel with that of *Covarrubias v. Supervisors,* 52 Cal. 622. (See, also, *Morton v. Broderick,* 118 Cal. 474.) Moreover, having regard to the nature of the proceeding upon contested elections, it will be observed that it is designed as speedily as may be to determine the question: 1.

Whether a given election was legally held; and, 2. To decide which of two or more opposing candidates has been legally chosen to office. No question of usurpation, of unlawfully intruding, or of illegal holding, enters into this consideration. Indeed, the time limited for the commencement of such a contest, and the requirement that the court shall sit in special session to hear and determine it, indicate that it was the purpose of the law that a judgment should be rendered before the term of office actually commenced. It is by chance, in this case, that the hearing continued after the commencement of the term, and that the determination was reached when one of the candidates had been inducted into office by virtue of his certificate. But this circumstance does not change the form of the proceeding or authorize the entry of a judgment not provided for therein. It might be a wise provision of the law to declare that in such contests the successful party shall, by virtue of the judgment of the trial court, be immediately let into possession of the office. In some states will be found that or similar provisions. There is none such upon our own books, and in the present condition of the law it must be held that the perfecting of the appeal by the party aggrieved, *ipso facto*, operates as a *supersedeas*.

The application for the writ is therefore denied.

Temple, J., Harrison, J., Garoutte, J., and Van Dyke, J., concurred.