MALONEY ET AL., RESPONDENTS, *v.* KING ET AL.,
APPELLANTS.

(No. 1,813.)

APPLICATION FOR STAY OF PROCEEDINGS.

(Submitted May 3, 1902.    Decided May 5, 1902.)

### *Injunction—Appeal—Stay of Proceedings.*

1. Pending an appeal from an injunction order, *pendente lite,* restraining appellants from entering, or mining, in part of a certain lode claim of which they were in possession, they may not have an order from the supreme court suspending the injunction, since the supreme court is not authorized to suspend the operation of, vacate, or set aside, a prohibitory injunction order during the pending of an appeal therefrom.

2. *Obiter:* Pending an appeal from a prohibitory injunction order, *pendente lite,* the district court has jurisdiction to enjoin either party from destroying or injuring the property in dispute.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by James H. Maloney and others against Silas F. King and others. From an order restraining defendants from entering or mining on a certain claim, they appealed. Application for stay of proceedings pending appeal. Denied.

*Messrs McBride & McBride,* for Appellants.

*Mr. C. P. Drennen,* and *Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

The defendants have appealed from an injunction order *pendente lite,* entered on the 1st day of March, restraining them from entering or mining in part of a certain lode claim, title to which is asserted by the defendants, and from commencing any suit against the plaintiffs with reference to the carry-

ing on of mining, or the breaking or removal of ore therefrom by the plaintiffs, and from interfering with them in the mining, transportation, and disposal of such ores. In form the injunction is prohibitory. They now apply to this court for an order staying the order appealed from, and all proceedings thereunder, pending the appeal.

Section 21 of the Code of Civil Procedure has to do with the determination by the supreme court of causes on appeal, and not with its powers pending appeal. Section 23 of the same Code declares that the supreme court may continue in force an injunction order made by a district court or judge, or grant an injunction order and writ, pending an appeal to the supreme court from an order refusing or dissolving an injunction. No provision of either section is pertinent. The appellants seem to base their application upon Subdivision 3 of Section 1723 of the Code of Civil Procedure, as amended in 1899 by House Bill No. 124 (Laws of 1899, pp. 146, 147), and to rely upon authority supposed to be conferred thereby. We shall treat the application as based upon the subdivision cited. Section 1722, as amended by the same bill, contains similar language. This subdivision provides, among other things, that on appeal from an order granting or refusing a new trial, or granting, dissolving, or modifying an injunction, or refusing to grant, dissolve, or modify an injunction, or dissolving or refusing to dissolve or modify an attachment, or appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver, or directing the delivery, transfer, or surrender of property, or from any special order made after final judgment, or from an interlocutory judgment or order in actions for partition of real property, or from an order confirming, changing, modifying, or setting aside the report in whole or in part of referees in such actions for partition, the supreme court or a justice may, pending the appeal, "stay all proceedings under the order appealed from, on such conditions as may seem proper." It prescribes some, at least, of the

powers which the supreme court may, in a suitable case, exercise during the time an appeal is pending. Notwithstanding the generality of the language, the provision quoted is not applicable to all the orders enumerated in Subdivision 3, *supra.* It applies only to orders under which proceedings are to be, or may be, taken.

The respondents contend that the order appealed from in this case simply restrains the appellants from doing certain acts,—requiring inaction of them; and that the respondents are not commanded or permitted to do anything by virtue of the order. There are, therefore, as they argue, no proceedings to be taken under the order; hence, they say, an arrest or stay of proceedings, the order being self-executing, could serve no purpose. On the other hand, the appellants insist that the injunction, though prohibitory or restrictive in form, is in part mandatory in effect, asserting that they were in possession of the property which they are enjoined from entering, and that the practical operation of the order, in so far as it restrains them from entering, is to eject them. If this be the correct interpretation, the appellants, in virtue of Section 1733 of the Code of Civil Procedure, have already secured a stay of proceedings by perfecting the appeal. For example, the injunction could not be used to oust them from the property in their possession at the time it was granted, nor would they be in contempt for remaining in possession; and so in respect of any mandatory feature of the order. For the appellants to remain as they were when the injunction was granted is not a violation of the injunction. (*Stewart* v. *Superior Court,* 100 Cal. 543, 35 Pac. 156; *Schwarz* v. *Superior Court,* 111 Cal. 106, 43 Pac. 580; *Bullion, Beck & Champion Min. Co.* v. *Eureka Hill Min. Co.,* 5 Utah, 151, 13 Pac. 174.) The appellants were, presumably, still in possession when the appeal was taken, and no reason is shown to exist for resort to this court in the matter. Nor would such a stay, when formally granted, operate so as to vacate, or suspend the effect of, an injunction order, if prohibitive merely, for any time or for any purpose. It would be utterly futile,

for there would not be any proceedings to arrest. That the application must be denied, in so far as it seeks a stay of proceedings under the order, should seem manifest. Whatever proceedings, if any, may be taken under the order, are effectually arrested by the appeal.

If the injunction is mandatory in effect, the appeal stays proceedings; if merely prohibitory, matters are to remain in *statu quo,* and there are no proceedings to be taken under it,— no affirmative acts are necessary to execute it. What the appellants really desire, and by their application intended to ask for, is the vacation or annulment of the order pending the appeal,—and this upon the theory, necessarily, that the injunction is prohibitory only. They do not, in fact, desire this court to grant a stay of proceedings, but that the operation of the order be suspended, and its effect destroyed, while the cause is here on appeal, to the end that *they* may proceed to do the acts and things prohibited by it without committing contempts of the court below. Such authority is not conferred by Subdivision 3, *supra,* which is silent upon the subject of setting aside, suspending, or vacating an order appealed from. Incidental power necessary for the effective exercise of the right to stay proceedings is, of course, impliedly granted; but neither express nor implied power to set aside, vacate, or suspend the effect of, a prohibitory injunction order is conferred or declared by Section 1722, or Subdivision 3, *supra.* The question here considered was presented and decided (and an opinion delivered orally) on May 20, 1901, in cause No. 1,680, entitled *"Heinze et al. against Boston & Montana Consolidated Copper & Silver Mining Company."* We held then, as we hold now, that the court may not, by virtue of anything contained in Section 1722 or Subdivision 3 of Section 1723, *supra,* —whether authority be thereby conferred, or pre-existing power be merely recognized and declared,—suspend the operation of, vacate, or set aside, a prohibitory injunction order during the pendency of an appeal therefrom.

Nor is it necessary or proper to the complete exercise of

appellate jurisdiction that the order be modified, vacated, or rendered dormant while the appeal is pending. If it be conceded that Section 1722 and Subdivision 3 of Section 1723, *supra,* do not limit the authority, pending appeal, of the supreme court over the orders enumerated, to the exercise of the power therein mentioned, and that the court may employ any writ or process necessary or proper to the end that property which is the subject of litigation may be preserved for the benefit of the party who shall ultimately prevail, still Section 3 of Article VIII of the Constitution, and Section 19 of the Code of Civil Procedure, cannot be successfully invoked upon the present application. Neither of them authorizes the relief which the appellants now seek from this court; namely, the vacation or suspension of a prohibitory injunction order pending appeal from it. If the respondents are injuring or destroying the property in controversy, the district court doubtless has jurisdiction to enjoin them, and thereby preserve it, until a final determination shall be made of the questions between the parties, and would, it must be presumed, do so upon a proper motion and sufficient showing made in the action. In a case of this kind neither party should be permitted, pending the action, to consume, take away, or waste the substance of the estate. An order intended to preserve the property obtained by one party should not be permitted to be used as a license to him to destroy or injure it.

The case of *Forrester et al.* v. *Boston & Montana Consolidated Copper and Silver Mining Co.,* 22 Montana Reports, 430, 56 Pacific Reporter, 868, is not in point. There this court granted a stay of proceedings under a nonappealable order appointing a receiver, pending appeal from an order refusing to vacate the order of appointment. In that case the district court, through its receiver, was acting under the order; and hence there were proceedings to be stayed.

The application is denied.

*Denied.*