MALONEY ET AL., RESPONDENTS, *v.* KING ET AL.,
APPELLANTS.

(No. 1,812.)

ON MOTION TO MODIFY PERPETUAL INJUNCTION.

(Submitted May 3, 1902.   Decided May 5, 1902.)

*Injunction—Appeal—Stay of Perpetual Injunction—Motion to Modify.*

1.  The supreme court is without authority to grant an order modifying or vacating a perpetual injunction pending appeal from a judgment embracing it.
2.  Under Section 1733 of the Code of Civil Procedure, a mandatory injunction is stayed by perfecting an appeal from the decree.
3.  The objection that a decree granting a perpetual injunction is void, as not being within the issues, will not be considered on a motion to stay the injunction during the pendency of the appeal.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by John H. Maloney and others against Silas F. King and others.  Judgment was rendered for plaintiffs, and the defendants appealed.  Motion to stay a perpetual injunction till the determination of the appeal.  Denied.

*Messrs. McBride & McBride,* for Appellants.

*Mr. C. P. Drennen,* and *Messrs. McHatton & Cotter,* for Respondents.

MR. JUSTICE PIGOTT delivered the opinion of the court.

The defendants have appealed from a final judgment entered on the 5th day of April, 1902, which, among other things, perpetually enjoins them from entering, exploring or mining in part of a certain lode claim, and from commencing any action against the plaintiffs to protect and maintain their alleged title to the vein and ores therein, or to recover such ores.

They move that the judgment, in the particulars mentioned, be modified, and its effect suspended, pending appeal. They invoke the provision of Section 23 of the Code of Civil Procedure, authorizing the supreme court to continue in force an injunction order made by a district court or judge, or grant an injunction order and writ, pending an appeal from an order refusing or dissolving an injunction, and also Rule XXI of this court, prescribing the procedure for obtaining such order pending appeal. Neither the section nor the rule has reference to staying the operation or effect of injunction orders. Moreover, each has to do only with interlocutory orders of the district court or judge, not with final judgments. Neither does Section 1722, or Subdivision 3 of Section 1723, of the Code of Civil Procedure, as amended in 1899 by House Bill No. 124 (Laws of 1899, pp. 146, 147), have to do with final judgments, nor touch the matter of staying the operation of or suspending prohibitory injunctions, or proceedings thereunder. Except in so far as they had been ousted by the plaintiffs, the defendants were in possession at the time the judgment was rendered, and presumably so remain. If the injunction is mandatory, proceedings under it are stayed by the appeal. (Code of Civil Procedure, Sec. 1733.) We are not advised of any statute or other law vesting power in the supreme court to grant, upon such an application as the one here made, an order modifying or vacating a perpetual injunction pending appeal from a judgment embracing it.

Further complaint is made by the defendants that in the particulars referred to the judgment is, upon its face, void, because it purports to determine a matter which was palpably without the issues framed; but this is not the occasion for considering it. We shall not, upon this application, decide the case upon the merits.

For these reasons, and upon the authority of *Maloney* v. *King*, 26 Montana Reports, 487 (68 Pac. 1012), just decided, the motion is denied.

*Denied.*