(46 South. 218.)

No. 17,062.

SHERIDAN v. REESE.

In re REESE.

(April 13, 1908.)

<table><tr><td>121</td><td>226</td></tr><tr><td>s122</td><td>1028</td></tr></table>

APPEAL—JURISDICTION — EFFECT ON INJUNCTION.

The district court, after trial on the merits of the case, having given judgment making perpetual a preliminary injunction which it held operated to restrain acts of trespass and of disturbance of possession of real estate, the fact that it made an order for a suspensive appeal from such judgment and that the appeal is perfected does not devest it of jurisdiction to determine primarily the effect of such appeal quoad the injunction, and it properly held that the preliminary order for injunction was not thereby vacated, or the operation of the writ suspended.

(Syllabus by the Court.)

Action by Daniel E. Sheridan against Samuel E. Reese. Judgment for plaintiff, and defendant appeals. Rule to show cause why he should not be punished for contempt. Exceptions to the rule overruled, and he applies for writ of prohibition. Writ denied.

T. E. Salter, Prentiss Bernard Carter, and Miller & Morgan, for relator. Respondent Judge (Gayer & Ott, of counsel), pro se.

### Statement of the Case.

MONROE, J. Plaintiff obtained a writ of injunction, restraining defendant from cutting timber upon certain lands, and, after a

trial of the case on the merits, obtained judgment making the writ perpetual, from which judgment defendant obtained an order for a suspensive appeal, and thereafter, proceeding with the cutting of the timber, was ruled to show cause why he should not be punished for contempt. He excepted that the court had been devested of jurisdiction by the appeal, and, his exception having been overruled, he now applies to this court for the writ of prohibition. The respondent judge, by way of return, says:

"That his judgment held the plaintiff, Sheridan, to be the owner of the land and standing timber, and perpetuated the injunction; that the cutting of the timber would work him an irreparable injury," and hence that the injunction should not be released on bond, whether given for the purpose of an appeal or otherwise; "that he [respondent] has the right to determine the character and effect of the appeal allowed by him."

### Opinion.

This court has held that:

"When acts enjoined amount to a trespass, or operate a change of possession of immovable property, the injunction cannot be dissolved, on bond" (Torres et al. v. Falgoust, 33 La. Ann. 560; Weil v. Schwartz, 49 La. Ann. 584, 21 South. 859); and a suspensive appeal will lie in such case from an order dissolving the writ (Chrétien v. Poincy, 33 La. Ann. 131), and, further, that "the inferior court, whose judgment is appealed from, retains jurisdiction to determine primarily the character and effect of the appeal taken" (State ex rel. Barthet v. Houston, 37 La. Ann. 852).

In the instant case the trial judge, so far from dissolving the preliminary injunction issued by him, found, after a trial of the case upon its merits, that the acts enjoined amounted to a trespass and a disturbance of the possession of immovable property, and he gave judgment decreeing the plaintiff to be the owner of the property and making the writ perpetual. He has never made any order rescinding or modifying the original order by virtue of which the injunction issued, and the rule is that:

"Where, upon petition, affidavit, and bond, a court has issued its injunction restraining the doing of a certain act until its further orders,

without other restrictions as to time, the injunction operates until modified or discharged by order of the court." State ex rel. Waterworks Co. v. Levy, 36 La. Ann. 941.

It is true that the defendant herein appealed from the final judgment, which declares that the preliminary injunction was properly issued, and that he thereby brings up for review that question, with the other questions upon which it depends; but we are of opinion that the judge was authorized primarily to interpret the order of appeal made by him, and that he properly interpreted it as not vacating the preliminary order by virtue of which the injunction was issued, and as not suspending the operation of the writ, the maintenance of which may be necessary to secure the ultimate execution of the judgment appealed from.

Relator's application is therefore denied, and this proceeding dismissed, at his cost.