[No. 3092, Sept. 17, 1925.]

## SENA et al. v. DISTRICT COURT OF FOURTH JUDICIAL DISTRICT, et al.

### SYLLABUS BY THE COURT

1.   An order of a justice of the Supreme Court that "the judgment of the district court be superseded until the final disposition of said cause," pursuant to and endorsed upon an application for writ of error praying "that the judgment of the district court be superseded by the order of this court," construed as suspending the operation of a prohibitory injunction.

Original petition by Juan Sena and others for a writ of prohibition to be directed to the District Court of the Fourth Judicial District, sitting within and for the County of Guadalupe, and Luis E. Armijo, Judge. Writ withheld, with permission to petitioners to renew application.

F. Faircloth, of Santa Rosa, C. J. Roberts, of Santa Fe, and Chester A. Hunker, of Las Vegas, for petitioners.

Thomas W. Neal, of Las Vegas, for respondent.

### OPINION OF THE COURT

WATSON, J. [1] On September 4, 1925, an alternative writ of prohibition issued out of this court upon the petition of Juan Sena, Severo Maes, and L. M. Casaus, directed to the district court of the Fourth district, sitting within and for the county of Guadalupe, and to Hon. Luis E. Armijo, as judge thereof, directing the said court and judge to take no further steps or proceedings in the matter of certain contempt proceedings pending in said court, and to show cause why the said court and judge should not be finally prohibited from exercising any further jurisdiction over said contempt proceedings, except to dismiss the same.   Return was made, and the cause orally argued and submitted.

On August 4th in a suit in which A. P. Anaya, Leopoldo Sanchez, Juan Aragon, and James L. Abercrombie, as the Guadalupe county board of education

were plaintiffs, and the board of county commissioners of Guadalupe county and said Juan Sena, Severo Maes, and L. M. Casaus, members of said board, were defendants, a final judgment was entered perpetually enjoining and restraining the defendants from exercising or pretending to exercise any authority conferred by law upon the Guadalupe county board of education, and from interfering or attempting to interfere with said plaintiffs in the performance of their duties as the Guadalupe Board of Education, and from exercising or attempting to exercise any authority over the rural school affairs of Guadalupe county.

On August 10, 1925, the said defendants applied to Justice Bickley of this court for a writ of error, the prayer of which application was in the following language.

Wherefore petitioners pray that a writ of error issue, and that the judgment of the district court be superseded by the order of this court."

Upon this application Justice Bickley indorsed the following order:

"Having this day examined the above and foregoing application, it is ordered that the writ issue and that the judgment of the District court be superseded until the final disposition of said cause."

Thereupon writ of error issued in the usual form, but including the following:

"This writ is hereby made to act as a supersedeas of the judgment in the above cause."

Thereafter there was filed in said district court an information charging that the said Juan Sena, Severo Maes and L. M. Casaus, after the issuance of said injunction, and with full knowledge thereof, and notwithstanding the same, and in contempt thereof, acted and assumed to act as a board of education of Guadalupe county, and did attempt to discharge the duties appertaining to such board. An order issued directing them to show cause why they should not be punished for contempt. Further proceedings were suspended, as above stated, by our alternative writ.

JANUARY TERM, 1925     507

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

It is the theory of the petitioners that the order of supersedeas obtained from a justice of this court had the effect to suspend the operation of the injunction, and that the district court was therefore without jurisdiction to enforce it. The return to the alternative writ raises no issue as to the facts herein stated, but attempts to justify the contempt proceedings instituted in the district court upon the theory that the order of supersedeas did not affect or suspend the vitality of said court.

The issue to be determined has been greatly narrowed by concessions made by counsel, respectively, at the hearing. Counsel for respondent concede that the question of jurisdiction involved is properly brought to the attention of this court by petition in prohibition. He further concedes that this court, or one of its justices, possesses the inherent power to grant at discretion, an order staying or suspending the operation of a prohibitory injunction, pending appeal. On the other hand, it is conceded by counsel for petitioners that the mere taking of an appeal, or suing out a writ of error, and the giving of a supersedeas bond, under the provisions of our statute, are not sufficient to effect a suspension of a prohibitory injunction. We have, then, only to determine the true meaning of the application and order above recited. If they are to be construed as invoking and exercising the discretion residing in a justice of this court to stay the operation of the said injunction, the writ of prohibition should issue. If they are not to be so construed, but merely as an attempt to bring the applicants within the statutory provisions for supersedeas or stay of proceedings, then the alternative writ should be discharged.

By section 17 of chapter 43, Laws of 1917, it is provided, in substance, that there shall be no supersedeas or stay of execution upon any final judgment or decision unless the appellant or plaintiff in error shall execute a bond in double the amount of the judgment complained of, to be approved by the clerk of the district court in case of appeals, and by the clerk of the Supreme Court in case of writ of error, conditioned for

508     SUPREME COURT OF NEW MEXICO

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

the payment of the judgment and costs. In case the decision is for a recovery other than a fixed amount of money, the amount of the bond so to be given is to be fixed by the district court or judge thereof in case of appeal, and by the chief justice or any associate justice of the Supreme Court in case of writ of error. Upon the approval of such bond, and the filing thereof with the clerk of the district court, or of the Supreme Court, as the case may be,

"There shall be a stay of proceedings in such cases until the same is finally determined upon such appeal or writ of error in the Supreme Court."

Section 18 of said chapter provides:

"When the appellant or plaintiff in error is an executor or administrator, as such, the state, a county or other municipal corporation the taking of such appeal or suing out of such writ of error shall operate to stay execution of such judgment, order or decision."

It is respondent's contention that the purpose of the order in question was merely to grant supersedeas as to the three individual plaintiff's in error, without requiring of them any bond; the provisions of section 18 effecting supersedeas without bond as to the other plaintiff in error, the board of county commissioners It is urged that the order was intended merely to bring the parties within the statute, so that the individual plaintiffs in error, as well as the board of county commissioners, became entitled to the benefit of whatever effect the statute has upon a prohibitory injunction. In the brief, the contention is stated thus:

"In the case at bar, Mr. Justice Bickley, by the terms of the order itself simply permitted the issuing of a 'supersedeas' as to the three petitioners in this cause, without their having given bond required by statute, doubtless upon the theory that, since the petitioners as individuals constituted the board of county commissioners—a public corporation, in favor of whom a 'supersedeas' was granted as a matter of law upon the issuing of the writ of error that the three individuals composing the board of county commissioners should not be subjected to the burden of giving a bond as required by the statute, and we think, in exercise of his discretion and in the interest of justice, he has the right and power to make this order, but the order is no broader in its language than the statute itself, and does not purport to suspend, set aside, or dissolve the injunction pending the determination of this

JANUARY TERM, 1925          509

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

court in cause No. 1717, as to which the writ of error was granted."

It is to be observed, first, the order expressly and affirmatively declares "that the judgment of the district court be superseded." From a careful consideration of the sections referred to, we are unable to find any case in which it is necessary to apply to the court or to any judge or justice to obtain the benefit of the statute. In any case, it is the approval and filing of the bond which gives effect to the supersedeas or stay of proceedings. The benefit of the statute, whatever its effect may be, the appellant or plaintiff in error may obtain as a matter of right. The only duty of the court and its only discretion consists in fixing the amount of bond to be entered in case of a nonmoney judgment. If, therefore, the plaintiffs in error had desired to obtain only the benefit of the statute, they need only have applied to the court to fix the amount of the bond. They made no such application, but in fact prayed "that the judgment of the district court be superseded by the order of this court." Thus it was the discretion of this court and not the benefit of the statute that was expressly invoked. As the order was obviously made pursuant to and in compliance with the application, the language of the latter may well be considered in construing the former. In Maloney v. King et al., 26 Mont. 492, 68 P. 1012, there was an appeal from an injunction pendente lite, restraining the defendants from carrying on mining operations on a certain lode claim, and from interfering, with the plaintiffs in mining thereon. The application was "for an order staying the order appealed from, and all proceedings thereunder, pending the appeal." After expounding the statutory provisions and in denying the stay applied for, the court had occasion to interpret the application, and in that regard says:

"If the injunction is mandatory in effect, the appeal stays proceedings; if merely prohibitory, matters are to remain in statu quo, and there are no proceedings to be taken under it—no affirmative acts are necessary to execute it. What the appellants really desire, and by their application intended to ask for is the vacation or annulment of the order pend-

ing the appeal—and this is upon the theory, necessarily, that the injunction is prohibitory only. They do not in fact, desire this court to grant a stay of proceedings, but that the operation of the order to be suspended, and its effect be destroyed, while the cause is here on appeal, to the end that they may proceed to do the acts and things prohibited by it without committing contempt of the court below."

In Johnson v. Turner et al., 44 Fla. 244, 33 So. 238, there was a decree for a perpetual injunction, but containing numerous other provisions. On being granted an appeal, the defendant applied to the trial judge "for an order fixing the amount, terms and conditions of bond to be given by him, in order that said appeal may operate as a supersedeas." The trial judge, by order, fixed the amount of bond and provided that on the approval thereof, "then the appeal entered herein * * * shall be and operate as a supersedeas." Upon motion to the Supreme Court to vacate the order of supersedeas, the court, after expounding the statute of that state, construed the proceedings thus:

"The application of the appellant to the circuit judge was not for a supersedeas, but expressly called the attention of the circuit judge to the fact that his appeal was entered within thirty days from the rendition of the decrees appealed from, and asked only for an order fixing the amount and conditions of the bond that he should give in order that, under the statute his appeal might have the force and effect of a supersedeas. This application the circuit judge responded to by making the order prescribing the amount and conditions of such bond, and the bond as prescribed was given, which, under the circumstance, by force of the statute, and without the aid of an order from any judge or court, gave to the appeal the force and effectiveness of a supersedeas of all the provisions of the decrees appealed from, except that feature thereof that granted a perpetual injunction, and as to this latter provision the supersedeas in the case, imposed by the statute, does not affect it, and we do not understand that it is claimed to do so."

The judgement to be reviewed upon the writ of error contains no provisions whatever except the prohibitory injunction and the award of costs. We are not advised as to the amount of costs, but from the nature of the proceedings it must have been slight. Under respondent's theory of the order, its only effect would be to stay execution for the costs. It is questionable whether, if plaintiffs in error had not intended by their

application to obtain a suspension of the injunction, they would have taken the trouble to make the application at all.

We cannot quite concede that the language of the application and order is no broader than the language of the statute. The application asks, and the order provides that "the judgment of the district court be superseded." Section 17 above referred to provides "there shall be no supersedeas or stay of execution upon any final judgment or decision. * * * " and further provides that on the approval and filing of the bond "there shall be a stay of proceedings in such cases * * * " By the literal terms of the order, the judgment itself is superseded. By the statute, the judgment itself is affected only in so far as ordinary supersedeas or stay of proceedings operates upon it.

[2] It is to be admitted that, if some other term than "supersedeas" had been used in the application and in the order, their import and effect would have been more clear. Yet except for the confusion in the decisions regarding the meaning of the word "supersedeas," there could be no doubt. From a general survey of many decisions cited by counsel, respectively, and of many others, we are satisfied that the term is to be construed according to the occasion of its use. When used in a statute such as ours, it is interpreted by a great majority of courts as practically synonymous with "stay of proceedings," or "stay of execution," or "stay," as intended to preserve the status quo of the parties at the time of the taking of the appeal or suing out of the writ of error. But, where the judgment under review is a prohibitory injunction, it may well be that the ends of justice require the preservation of the status quo ante. The many decisions upholding the power of appellate courts to maintain the status quo by suspending the operation of prohibitory injunctions pending appeal—a power conceded here—point out that without the power the appellate jurisdiction might often be practically defeated. Irreparable injury may result as well from the injunction as from the conduct enjoined. The purpose of injunction

512     SUPREME COURT OF NEW MEXICO

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

is to prevent such injury. After it has occurred, relief comes too late. So in many cases it will appear that the appellate court must either assert its power to suspend the operation of the injunction or abandon the power to grant substantial or effectual relief.

Whether the considerations mentioned require the suspension of the effect of the prohibitory injunction pending appeal is manifestly a question depending upon the particular situation. Whether such relief should be granted cannot be practically determined in advance by a general statute, but must be left to sound judicial discretion.

"In the case of State ex rel. * * * v. Stallcup [15 Wash. 263, 46 P. 251), this court suggested that if a supersedeas were allowed by statute as a matter of right, the constitutionality of such statute might well be doubted. The reason given therefor was that the status of the parties might thereby be changed and valuable rights lost which could not be compensated. This, of course, is the reason why the Legislature has not seen fit to place the power of supersedeas in such cases in the hands of the parties, as a matter of right, as suggested above." State ex rel. Burrow v. Superior Court, 43 Wash. 225, 86 P. 632.

Upon such considerations, most of the courts have construed the term "supersedeas" as used in the statutes as not suspending the operation of a prohibitory injunction. We find, however, that these same courts, when their discretion is appealed to for suspension of the operation of a prohibitory injunction, have freely and frequently made use of the same term and of the term "stay of proceedings" in granting such relief. Admitting the desirability of the use, both in statutes and in court orders, of terms having a certain and definite meaning, we think that the substantial effect of orders of this court should not be defeated by a narrow construction, when from the circumstances, the practical results to be accomplished can be determined with reasonable certainty. We are satisfied, also, that there is abundant precedent for suspending the operation of a prohibitory injunction in substantially the same terms here employed.

In Union Sawmill Co. v. Felsenthal Land & Town-

JANUARY TERM, 1925          513

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

site Co., 84 Ark. 494, 106 S. W. 676, there was an appeal from a prohibitory injunction upon which the appellant filed supersedeas bond in the statutory form, and the clerk issued supersedeas. The appellee filed a motion to quash the supersedeas in so far as it had effect upon the injunction. Upon that motion, the court held that the bond did not of itself suspend the injunction, but, as the justice of the case required that the status quo be preserved, and as the supersedeas bond, filed fully protected appellee's rights, it determined by its order to stay the injunction, and directed thus:

"It is therefore ordered that the clerk issue a stay of proceedings under the judgment appealed from until the hearing of this case upon the merits, or until further orders of the court."

In State of Washington ex rel. Barnard v. Board of Education, 19 Wash. 8, 52 P. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706, the trial court had quashed an alternative writ of prohibition and refused an application to supersede its order pending appeal, because the judgment appealed from was not such a judgment as could be superseded. The appellant then applied to the Supreme Court for an order of supersedeas. That court, concluding that its discretion was properly invoked, merely ordered, "the permanent writ will issue." In Laney v. Rochester R. Co., 81 Hun. 346, 30 N. Y. S. 893, a justice of the Supreme Court, in the case of a prohibitory injunction, made an order "staying proceedings on the part of the plaintiff to enforce the injunction awarded by the judgment." Similar language was employed in Pach et al. v. Geoffroy et al., 19 N. Y. S. 583. In City of New Whatcom v. Fairhaven Land Co., 24 Wash. 493, 64 P. 735, 54 L. R. A. 190, the Supreme Court affirmed an injunction prohibiting the city from taking water without compensation, but, recognizing the hardship of immediate enforcement of the injunction, allowed the city 60 days within which to commence proceedings to condemn the property, and ordered that, if such proceedings were commenced within such time, "then the injunction granted by the decree of the court below shall be stayed

514     SUPREME COURT OF NEW MEXICO

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

until the final determination of such condemnation proceedings.

In State ex rel. Gibson v. Superior Court, 39 Wash. 115, 80 P. 1108, 1 L. R. A. (N. S.) 554, 109 Am. St. Rep. 862, 4 Ann. Cas. 229, there was a temporary injunction restraining the operation of a shooting gallery. The defendants appealed from this order, "and applied to the court to fix the amount of the bond which was required to supersede the order pending the appeal." The court refused to fix the amount of the bond, on the ground that the order was not one that could be superseded, and the defendants thereupon applied to the Supreme Court for a mandamus to compel the trial court to fix the amount of the bond. The opinion denying the application concludes thus:

"The relators insist that they are entitled to supersede the order appealed from as a matter of right, and this we hold they cannot do, as the order is a preventative, and not a mandatory, injunction."

In Lund v. Idaho & W. N. R. Co., 48 Wash. 453, 93 P. 1071, the power of an appellate court to suspend a prohibitory injunction pending appeal is referred to as "authority to grant a supersedeas pending the determination of an appeal." In State ex rel. Burrows v. Superior Court, 43 Wash. 225, 86 P. 632, the trial court having announced findings and conclusions awarding a prohibitory injunction, the defendants, before reduction of the judgment to writing, applied for a suspension of the judgment pending an appeal. The court, after argument, announced that he would make such an order, conditioned upon filing bond, but in the meantime, an application having been made to the Supreme Court for a writ of prohibition, delayed making such order. The discussion of the Supreme Court upon the question of prohibition well illustrates the indiscriminate use of terms here under consideration, and for that reason we quote as follows:

"It is apparently conceded by the counsel for respondent that the trial court cannot be required, as a matter of right under the statutes, to grant a stay of a prohibitory injunction, and it is also conceded that there is no statute

JANUARY TERM, 1925    515

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

authorizing the trial court to make an order granting a stay of such judgment pending an appeal to this court. But respondent contends that, independent of the statute, the trial court, by virtue of its equity jurisdiction, has inherent power to suspend the operation of the injunction upon such conditions as appear just, pending appeal to this court. The power of the trial court in this respect is the question presented upon this hearing. This court has repeatedly held that the trial court would not be required by mandate to order a stay or fix a bond which should operate to super- sede a prohibitory injunction pending appeal, and that a statutory supersedeas cannot stay such decree."

Respondent places great reliance upon Powhatan Coal & Coke Co. v. Ritz, 60 W. Va. 395, 56 S. E. 257, 9 L. R. A. (N. S.) 1225. In that case the prayer of the petitioner was "that an appeal and supersedeas be allowed it (the petitioner) staying said injunction." The order was, "Appeal and supersedeas allowed as prayed for in the foregoing petition." In the opinion of that court, the order did not attempt to exercise the power to suspend the injunction. It was said:

"This order simply awards an appeal and supersedeas. It is not a special order, expressly staying the operation of the injunction. The most that can be said is that, infer- entially, it undertakes to say the effect of a supersedeas is to stay the injunction. If it so declares, it does not thereby extend the scope of the writ. A mere erroneous definition of the writ would not have that effect. The important function of staying the operation of an injunction ought to be performed by a positive, affirmative order, having the same certainty as a judgment or decree. Whether it is stayed or not should not be left to mere inference or in- tendment."

There is an important distinction between this case and the case at bar. There the injunction to be review- ed contained provisions mandatory as well as pro- hibitory. An ordinary supersedeas under the provi- sions of the statute that the court or a judge thereof "may allow an appeal, writ of error, or supersedeas, and may stay proceedings, either in whole or in part," would have effect upon the mandatory provisions of the judgment, and the application and the order might well have been construed as applying only to such provisions. In fact, the court concluded that—

"As to so much of the charge of contempt as consists of disobedience of that part of the injunction which requires the

516      SUPREME COURT OF NEW MEXICO

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

petitioner to continue to ship its coke to the Pocahontas Coke Company, as its sole selling agent under said contract [the mandatory provisions], the writ of prohibition must be awarded, but refused as to the residue of said charge [the prohibitory provisions]." * * *"

He also places reliance on Johnson v. Turner et al., cited supra; Sixth Avenue R. Co. v. Gilbert Elevated R. Co., 71 N. Y. 430, and Sheridan v. Reese, 121 La. 226, 46 So. 218. In Johnson v. Turner et al., as in Powhatan Coal & Coke Co. v. Ritz, supra, there were numerous provisions of the decree other than the injunction, upon which statutory supersedeas might operate. Sixth Ave. R. Co. v. Gilbert Elevated R. Co., supra, merely holds, as we gather from the opinion, that an order staying "all proceedings on the part of the plaintiff in execution of the judgment" obtained from the trial court on motion pursuant to statute does not have the effect to suspend the operation of a prohibitory injunction. In Sheridan v. Reese, from a prohibitory injunction against cutting timber, defendant obtained from the trial court "an order for a suspensive appeal," and, proceeding to cut timber, was cited for contempt. The form of the "order for a suspensive appeal" does not appear, but the action of the Supreme Court in denying prohibition was based upon the grounds apparently not in conflict with any views we express herein.

Counsel for respondent has assumed that the construction given to "supersedeas" as it occurs in stay statutes has narrowed the legal meaning of the term so that it can have no broader meaning when it appears in an order of court whose discretion is invoked to suspend the operation of a prohibitory injunction. In this we think he has fallen into error. Compelled to determine whether the order has the substantial effect to maintain the status quo ante pending appeal between these rival claimants to public office, or the trivial effect to stay execution for costs, we are not greatly in doubt. Without any disparagement of counsel's good faith or of his able presentation of his theory, we feel that to adopt his views would be mere trifling with words instead of giving a reasonable and practical con-

JANUARY TERM, 1925 . 517

Sena et al. v. Dist. Court 4th Jud. Dist. et al. 30 N. M. 505

struction of an order of this court, the purpose of which seems plain. No motion to vacate the order has been made. Possessing broad discretionary powers, it is inevitable that courts at times exercise them mistakenly or improvidently; but the doors are always open to a party aggrieved therby, to apply directly for the vacation or modification of orders of which he complains. Our decision here cannot be affected by any considerations as to the propriety of the exercise of the admitted power in this particular case. So long as the order stands, it must govern.

From what has been said, it follows that petitioners are entitled to the writ of prohibition. Fully satisfied, however, of the entire good faith in which the contempt proceedings were instituted and that a genuine doubt existed as to the import of our order, and that such proceedings will be dismissed when our views become known, the writ will be withheld, with permission to petitioners to renew their application if occasion should require, and it is so ordered.

BICKLEY, J., concurs.

PARKER, C. J., being absent, did not participate in this opinion.