STATE ex Rel. KOMMERS et al., Relators, *v.* DISTRICT COURT et al., Respondents.

(No. 8,034.)

(Submitted November 1, 1939. Decided November 4, 1939.)

[96 Pac. (2d) 271.]

288

*Mr. George E. Hurd,* for Relators, submitted a brief, and argued the cause orally.

*Mr. W. P. Costello* and *Messrs. Speer & Hoffman,* for Respondents, submitted a brief; *Mr. Costello* and *Mr. Harvey B. Hoffman* argued the cause orally.

*Mr. Wellington D. Rankin,* as *amicus curiae,* submitted a brief and argued the cause orally.

### Opinion: PER CURIAM.

On October 11, 1939, after trial, findings of fact and conclusions of law were entered in an action in the Eighth Judicial District, Cascade county, wherein relators were contestants and Guy Palagi was contestee, declaring in substance that Guy Palagi had violated the Corrupt Practices Act, section 10773 et seq., Revised Codes, in the election of November, 1938, wherein he was elected sheriff of Cascade county to succeed himself. Judgment was rendered on October 16, 1939, and filed October 18th, ordering and decreeing that the election of Palagi as sheriff be annulled and adjudged void, and that it does not entitle him to the office. It adjudged and decreed that Palagi be removed and ousted from the office and declared the office to be vacant.

The cause was tried by the Hon. Rudolph Nelstead of the Sixteenth Judicial District, after both Judges Ewing and Holt of the Eighth Judicial District had disqualified themselves. Palagi filed notice of appeal from the judgment, and the usual undertaking on appeal in the sum of $300. On October 19, 1939, Palagi filed application for a writ of prohibition in the district court of Cascade county, directed against the county commissioners of that county to restrain them and the board from appointing a successor. An alternative writ was issued by the Honorable H. H. Ewing.

Relators here, who were contestants in the election contest proceedings, filed a complaint in intervention in the prohibition proceeding on October 20th, together with a motion to dismiss the proceeding upon the ground that the court was without jurisdiction to determine whether a vacancy exists in the office of sheriff of Cascade county, and that the perfecting of the appeal in the contest proceedings did not operate as a supersedeas. On October 21st the Honorable H. H. Ewing overruled and denied the motion, and this proceeding followed.

The main question involved is whether the appeal from the judgment entered in the contest proceeding operates as a supersedeas so as to prevent the county commissioners from filling the vacancy declared by the judgment in that proceeding. The answer to this question is found in our statutes. Sections 9735, 9736, 9737, and 9738, provide for stays of certain types of judgments, none of which are involved here. Section 9742 then in part provides ''In cases not provided for in sections 9735, 9736, 9737, and 9738, the perfecting of the appeal by giving the undertaking or making the deposit mentioned in section 9734 stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court. And except, also, where it adjudges the defendant guilty of usurping, or intruding into, or unlawfully holding public office, civil or military, within this state.''

The last-quoted sentence of this section has application to this case. The judgment in the election contest proceedings adjudicated that Palagi is unlawfully holding public office within the meaning of that section. This section expressly denies the right of supersedeas in such a case as that involved here.

The supreme court of California in the case of *Covarrubias* v. *Board,* 52 Cal. 622, reached a different conclusion on an identical statute. We are not impressed with the reasons given by the court in support of the conclusion in that case. The supreme court of California has also followed the *Covarrubias Case* in

*Day* v. *Gunning*, 125 Cal. 527, 58 Pac. 172, but suggested that the matter was one for legislative consideration. In the *Day Case* the judgment appealed from, as the court pointed out, contained the unauthorized declaration that the contestee was unlawfully holding the office. Under our Corrupt Practices Act, a declaration tantamount to one that the guilty party is unlawfully holding public office is expressly authorized. We adopted our ▮ statute prior to the decision in the *Covarrubias Case,* and we are not bound by the interpretation placed upon it by the California supreme court, the reasoning not appealing to us.

Respondents also contend that section 9742 has relation only ▮ to judgments in quo warranto proceedings under section 9576. With this we do not agree. Section 9742 applies to all judgments declaring that one is unlawfully holding office, and clearly embraces those entered for violation of our Corrupt Practices Act—sections 10773 to 10820—where a finding of the violation of the statute renders the guilty party disqualified from holding office and authorizes a finding that the office is vacant. We do not agree with the holding in the *Day Case,* supra, particularly as applied to our statutes.

The only other point involved is presented by the contention ▮ of counsel for Palagi to the effect that if Palagi was not elected sheriff in the election of 1938, then instead of there being a vacancy in the office, he will hold the office by virtue of being the holdover. It is contended that because of section 5, Article XVI of the Constitution, fixing the term of office of sheriff at two years and until the successor is elected and qualified, Palagi, who was elected sheriff of Cascade county in 1936, would still have the right to hold over even though his election be annulled. We cannot agree with this argument, for to so hold would permit one to take advantage of his own wrong. It having been adjudicated that Palagi violated the Corrupt Practices Act in the election of 1938, he is disqualified under section 10807 from holding office by election or appointment for the period fixed by law as the term of such office. The most that can be said is that since the entry of the judgment in the contest proceeding, Palagi has simply been the *de facto* sheriff of Cascade county.

Section 10807 is sufficiently broad to disqualify such person from holding office ·as a holdover. The apparent intention of the legislature was to prevent any such person from holding public office during the time covered by the term for which he sought election—this from the fact that it authorizes the court to declare a vacancy in the office. Also it is clear that Palagi abandoned his rights as a holdover by assuming the office under the new term commencing on the first Monday of January, 1939.

There is no constitutional provision preventing the legislature from authorizing the district court to find a vacancy in the office for violation of the Corrupt Practices Act. On the contrary, section 9 of Article IX expressly authorizes it in the following language: ''The legislative assembly shall have the power to pass a registration and such other laws as may be. necessary to secure the purity of elections and guard against abuses of the elective franchise.''

The writ applied for will issue forthwith prohibiting the respondent court and the Hon. H. H. Ewing from interfering with the board of county commissioners of Cascade county in their duty to make an appointment to fill the vacancy in the office of sheriff of Cascade county, and commanding them to sustain the motion to dismiss the prohibition proceedings pending in the respondent court. It is so ordered.