O. L. BRACKMAN *v.* ALBERT H. KRUSE et al.
WESTLAKE et al., Intervenors.
No. 8779
Filed October 10, 1947.

### ORDER

*Ex parte* application made to this court by defendants to stay execution of a judgment rendered against them by the district court of Lewis and Clark county, holding the oleomargarine license law (secs. 2620.43-2620.47, Rev. Codes of Montana 1935) unconstitutional and void, and ordering a perpetual prohibitory injunction enjoining and prohibiting defendants from attempting to collect the license fees provided for in such law. For former opinions in this cause, see 167 Pac. (2d) 588 and 173 Pac. (2d) 896.

Section 9742, Revised Codes, states in what kind of actions an appeal stays execution, and also states the exceptions thereto in which the appeal does not stay the execution. The last exception therein stated is that when a judgment grants a writ of *"prohibition* against a tribunal, corporation, public officer or board, commanding certain acts to be done" the appeal does not stay the execution.

In Maloney v. King, 26 Mont. 487, 68 Pac. 1012, construing

sections 1722, 1723, subdivision 3 and section 1733 (now secs. 9731, 9732 and 9742, Rev. Codes) the court held that there could be no stay of execution of "a *prohibitory* or *perpetual* injunction order during the pendency of an appeal." Emphasis supplied. To the same effect is Maloney v. King, 26 Mont. 492, 68 Pac. 1014.

In Finlen v. Heinze, 27 Mont. 107, 69 Pac. 829, the court at page 833 cited and approved the Maloney v. King Cases, supra. In doing so, the court said: "In the second case it was held, among other things, that upon an appeal from a final judgment directing a perpetual injunction to issue this court is not authorized by section 23 [now sec. 8807, Rev. Codes] or by sections 1722 and 1723, supra, or *any other provision of law,* to stay the operation of the injunction pending the appeal, since these statutes apply to interlocutory injunctions only, and have no reference to suspending or staying the operation of a final decree. It was held, also, that no power was conferred by the constitution to suspend the order of judgment pending the appeal." Emphasis supplied.

In State ex rel. Kommers v. District Court, 109 Mont. 287, 96 Pac. (2d) 271, the judgment declared the election of an officer to be void and this court held that under the second exception in section 9742, supra, the appeal from such judgment would not stay the execution or operate as a supersedeas.

In Sena v. District Court, 30 N. M. 505, 240 Pac. 202, the Supreme Court of New Mexico cites and quotes with approval from the Montana case of Maloney v. King, supra.

See also Spelling on Injunctions and Other Extraordinary Remedies, Vol. II, secs. 1141 and 1142, 2 Haynes on New Trial and Appeal, section 227, and cases cited in notes.

This court is not empowered by Constitution, statute or any other provision of law to stay, pending the appeal, the operation of the perpetual prohibitory injunction ordered in the final judgment of the district court herein.

Defendants' application for stay of execution is denied.

Chief Justice, Hugh ADAIR,

Associate Justice, I. W. CHOATE.

Associate Justice, FRED L. GIBSON,

MR. JUSTICE ANGSTMAN:

I think this court has the power to issue an order staying execution of the judgment pending appeal in order to preserve the status quo and thus render the appeal effectual. (State ex rel. Brass v. Horn, 36 Mont. 418, 93 Pac. 351, and see 3 Am. Jur., ''Appeal & Error,'' sec. 558 and particularly on page 206.)

I think we should either grant the stay or direct that application be made to the trial court pursuant to the practice followed by the United States Supreme Court in the cases cited in the note in 3 Am. Jur., p. 206.

MR. JUSTICE METCALF:

I concur with Mr. Justice Angstman.