No. 8922. FRED HAMES, PLAINTIFF AND RESPONDENT v. CITY OF POLSON, DEFENDANT AND APPELLANT.

Decided August 8, 1949.

Mr. T. H. MacDonald, Kalispell, Mr. Lloyd I. Wallace, Polson, for Appellants. Mr. F. N. Hamman, Polson, for Respondents.

Per Curiam.

The plaintiff, Fred H. Hames, instituted this suit against City of Polson, a municipal corporation, S. W. Grinde, Everett Smith, Art Evjen, B. L. Schultz, A. H. Papke, E. E. Funk and Allen Crawford, as mayor and councilmen of the city of Polson, John Cline and Hilbert Hanson, Jr., as members of the park board, and the Polson Country Club, a corporation, and Marv Hickman, defendants, seeking a permanent injunction enjoining and restraining each and all of the defendants from operating

(607)

or conducting a bar or bar room or from operating any slot machines at, in or upon a described tract of land owned by the defendant city of Polson and used for park, recreation grounds and golf purposes, said tract having been conveyed and granted to said city "and accepted upon condition that said tract of land shall be used for park, recreational grounds and golf course purposes, and upon condition, that, in the event, the same ceases to be used, maintained and kept up for such purposes, then the title to said land and premises together with the appurtenances and improvements thereon, shall revert to the grantor * * *."

On June 7, 1949, a trial was had before the district court sitting without a jury on the issues presented by plaintiff's amended complaint and defendants' answers thereto and on June 27, 1949, the court made and entered its written "Findings of Fact, Observations, Conclusions of Law, and Judgment" and on July 26, 1949, defendants filed notice of appeal from such judgment but as yet neither transcript nor briefs on appeal have been filed in this court.

The judgment restrains and prohibits defendants from selling or giving away intoxicating liquors, including beer, — from conducting a bar or bar room and from operating "any slot machines or any other game or games denominated gambling games within and upon" the municipally owned civic center, club house or any other buildings located upon the municipal public park, recreational grounds, golf course and premises of the defendant city of Polson, a municipal corporation, and commands "that the defendants remove all stock of goods and property that any of them now have in the conducting of such bar and slot machines from the" said municipally owned civic center and club house "where such stock of goods and property have been located, and restore such room for public use."

On July 27th defendants filed in this court a motion seeking an order staying the judgment containing the prohibitory injunction ordered by the district court. Plaintiff requested and was allowed ten days in which to file a brief in opposition to

defendants' motion for a stay of supersedeas of the prohibitory injunction, at the expiration of which time the motion was to be considered submitted. The time allowed has elapsed and plaintiff has neither filed his brief nor applied for additional time.

Defendants' motion to stay, pending the appeal, the operation of the perpetual prohibitory injunction ordered in the final judgment of the district court herein is denied. See: Express provisions and exceptions set forth in the last sentence of section 9742, R. C. M. 1935. Compare: Order made by this court October 10, 1947, in Brackman v. Kruse, Mont., 199 Pac. (2d) 971; Maloney v. King, 26 Mont. 487, 68 Pac. 1012; Maloney v. King, 26 Mont. 492, 68 Pac. 1014; Finlen v. Heinze, 27 Mont. 107, 69 Pac. 829, 70 Pac. 517; State ex rel. Kommers v. District Court, 109 Mont. 287, 96 Pac. (2d) 271; Sena v. District Court, 30 N. M. 505, 240 Pac. 202; 2 Spelling on Injunctions and Other Extraordinary Remedies, secs. 1141, 1142; and 2 Haynes on New Trial and Appeal, sec. 227 and cases cited in notes.